UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05  11211 RCL**

)
NEIGHBORHOOD                      )    CIVIL ACTION
ASSOCIATION OF THE BACK    )    NO.
BAY, INC., and THE BOSTON     )
PRESERVATION ALLIANCE,     )
INC.                                          )
                     Plaintiffs           )    MAGISTRATE JUDGE _Dein_
                                              )
v.                                             )    COMPLAINT FOR
                                              )    DECLARATORY AND
                                              )    INJUNCTIVE RELIEF
FEDERAL TRANSIT              )
ADMINISTRATION and          )    ┌─────────────────────
MASSACHUSETTS BAY        )    RECEIPT # _____ 64842
TRANSPORTATION            )    AMOUNT $ 250
AUTHORITY                      )    SUMMONS ISSUED. Yes
                     Defendants     )    LOCAL RULE 4.1 _____
                                              )    WAIVER FORM _____
                                              )    MCF ISSUED _____
                                                    BY DPTY. CLK ___JDW
                                                    DATE 6/9/05

## PARTIES

1.     Plaintiff Neighborhood Association of the Back Bay, Inc. ("NABB")

is a charitable corporation with a principal place of business at 337 Newbury

Street, Boston, Massachusetts.

2.     Plaintiff Boston Preservation Alliance, Inc. ("BPA") is a non-profit

preservation organization with a principal place of business at 45 School Street,

Boston, Massachusetts.

3.     Defendant Federal Transit Administration ("FTA") is an

administration within the United States Department of Transportation, with a

principal place of business at 400 7th Street SW, Washington, D.C. and with a

regional office for Region I, which includes Boston, at the Transportation Systems

Center, Kendall Square, 55 Broadway, Suite 920, Cambridge, Massachusetts.

4.     Defendant Massachusetts Bay Transportation Authority ("MBTA") is

a body politic and corporate and a political subdivision of the Commonwealth of

Massachusetts, with a principal place of business at 10 Park Plaza, Boston,

Massachusetts.

5.     Plaintiff NABB is located in the same Back Bay Historic District

(see exhibit A attached) as the National Historic Landmarks (NHL) Boston Public

Library and Old South Church (see exhibit B attached) and in which the MBTA's

Copley Station is located. The Back Bay Historic District is on the National

Register of Historic Places. Based on information in the report of preservation

consultant Jane Carolan, a contractor to the MBTA, the inbound stairway entrance

kiosk to Copley Station is on the National Register of Historic Places. Even if the

inbound stairway entrance kiosk to Copley Station is not on the National Register

of Historic Places, that inbound entrance kiosk is eligible for the National Register

of Historic Places.

6.     NABB incorporated in 1955 as a charitable corporation (see exhibit

C attached). Its members are about 2500 residents of the Back Bay Historic

District who will suffer that kind of injury against which 16 U.S.C., §470f, 16

U.S.C. §470h-2 and 49 U.S.C. §303 protects.  NABB has as a primary purpose

preserving and protecting the architectural beauty of the Back Bay.  Plaintiff

NABB maintains an Architecture Committee which reviews and comments on

2

projects that have an impact on the architectural and historic interests and streetscapes of Back Bay, including preservation of the historic nature of Back Bay and its buildings.

7.     The Boston Preservation Alliance, founded in 1978 (see exhibit D attached) as a non-profit preservation organization, provides advocacy, leadership, and education to preserve Boston's historic places. With more than 50 organizations and hundreds of individuals as members, the Alliance believes that Boston's distinct architectural heritage is a national treasure, that contributes greatly to the economy of the city and the quality of life for its residents and visitors.

## JURISDICTION

8.     The action arises under 5 U.S.C. §701-§706, 16 U.S.C. §470f, 16 U.S.C. §470h-2, 42 U.S.C. §1983 and under 49 U.S.C. §303, as hereinafter more fully appears. In addition to jurisdiction for the existence of a federal question under 28 U.S.C. §1331, this is a civil action against the United States founded upon Acts of Congress and regulations of executive departments, providing jurisdiction under 28 U.S.C. §1346. The remaining claims are so related to the claims under federal law that they form part of the same case or controversy, providing supplemental jurisdiction under 28 U.S.C. §1367(a).

3

## PROPOSED MBTA PROJECT AT COPLEY STATION

9.    Plaintiffs support making Copley Station accessible by elevator and ADA compliant and seek to achieve this accessibility without adversely affecting the historic and architectural character of the Back Bay Historic District, the National Historic Landmark buildings Boston Public Library and Old South Church, or other historic structures. The MBTA's proposed entrances to Copley Station are in the Back Bay Historic District and will negatively alter historic sites, view corridors and streetscapes in that district.

10.    The MBTA plans to add two new elevator entrances to its underground Copley Station in Boston, Massachusetts. The proposed elevator entrances are intended to provide access to and from Copley Station to comply with the Americans With Disabilities Act of 1990. One of the elevators proposed for Copley Station is to provide access to the inbound side of Copley Station; the other elevator is proposed to provide access to the outbound side of Copley Station.

11.    In addition to the elevator headhouses, the MBTA plans to replace an existing stairwell/escalator headhouse with a new structure and add a new stairwell headhouse over an existing stairwell at the outbound entrances to the Copley Station.

12.    As presently proposed, the MBTA's project will adversely impact the architectural and historical character of the National Historic Landmark Old South Church, the National Historic Landmark Boston Public Library, the

4

existing historic inbound entrance to Copley Station and the Back Bay Historic
District, despite the availability of prudent and feasible alternatives that would not
adversely impact  any historic interests, or impact the historic interests less
adversely and at the same time provide elevator access to Copley Station.

13.    Upon information and belief, the MBTA plans to pay for its
proposed new entrances to Copley Station in whole or in part with federal funds
from the Federal Transit Administration of the U.S. Department of Transportation.
The MBTA also receives other federal funds.

14.    The MBTA's proposed entrances to Copley Station will partially
obstruct views of the National Historic Landmark Old South Church and the
National Historic Landmark Boston Public Library.

15.    The MBTA's proposed entrances to Copley Station are in the Back
Bay Historic District. The three proposed outbound headhouses will negatively
alter historic view corridors and streetscapes in that district, especially the
Dartmouth Street Mall and the view and pedestrian corridors connecting the Back
Bay with Copley Square and the National Historic Landmark Boston Public
Library and National Historic Landmark Old South Church.

16.    The MBTA's proposed inbound elevator entrance to Copley Station
will be on the site of the National Historic Landmark Boston Public Library,
occupying part of the stone plaza surrounding the library building.

17.    The MBTA's proposed elevator on the site of the National Historic
Landmark Boston Public Library located to one side of the existing historic

5

wrought iron inbound entrance will adversely affect the historic symmetry of the north façade of the building, alter and diminish the significance of the existing historic wrought iron entrance centrally located on that façade, and alter the historic stone plaza of the library.

18.    The MBTA's proposed inbound elevator will permanently alter the historic stone plaza surrounding the National Historic Landmark Boston Public Library by removing existing stone steps and parts of the plaza to accommodate access to the elevator. These are not only permanent changes to the historic fabric, but will also alter the symmetrical relationship of the steps and plaza to the library behind.

19.    The MBTA's proposed project will remove the headhouse for the existing inbound entrance to Copley Station, which is either on or eligible for inclusion on the National Register of Historic Places, but this headhouse will neither be preserved in its present state nor restored to its historic condition. Rather, it will be "rehabilitated" in a way which allows alterations and additions and allows the use of materials and features different from those used in the original inbound entrance.

## HISTORIC STATUS OF OLD SOUTH CHURCH, THE McKIM BUILDING OF THE BOSTON PUBLIC LIBRARY, THE INBOUND ENTRANCE TO COPLEY STATION AND THE BACK BAY HISTORIC DISTRICT

20.    The Old South Church and the McKim Building of the Boston Public Library are designated National Historic Landmarks and are listed in the

6

State Register of Historic Places. Both buildings are within the Back Bay Historic District, and are listed on the National Register of Historic Places.

21.     Both the National Historic Landmark Boston Public Library and the National Historic Landmark Old South Church are designated City of Boston Landmarks by the Boston Landmarks Commission, a commission within the City of Boston Environment Department.

22.     The area on the north side of Boylston Street encompassing the Old South Church lies within the Back Bay Architectural District, an historic district designated and protected by Massachusetts statutes, St. 1966, c. 625, as amended.

23.     The Back Bay of Boston is particularly protected as an architecturally significant historic district by Massachusetts statute, St. 1966, c. 625, as amended.

24.     The National Historic Landmark Boston Public Library and the National Historic Landmark Old South Church are significant historic sites.

25.     Upon information and belief, the headhouse for the existing inbound entrance to Copley Station is a wrought iron wrapped structure included on the National Register of Historic Places or eligible for inclusion on the National Register. Upon information and belief, it is on and part of the site of National Historic Landmark Boston Public Library. The inbound entrance to Copley Station is within the Back Bay Historic District.

26.     The Back Bay Historic District is a historic district listed on the National Register of Historic Places.

7

FEDERAL AGENCY ACTION

27.    On December 30, 2004, Richard Doyle, the FTA's Regional
Administrator for Region I, issued a document entitled "Finding of No Significant
Impact" ("FONSI") for the MBTA's proposed new entrances to its Copley Station.
Mr. Doyle issued the FONSI both under §106 of the Federal Historic Preservation
Act (16 U.S.C. §470f) ("§106") and §4(f) of the Department of Transportation Act
of 1966 (49 U.S.C. §303) ("§4(f)"). (A copy of the FONSI is hereto annexed as
Exhibit E.) The FONSI does not mention §110 of the National Historic
Preservation Act (16 U.S.C. §470h-2) or analyze the MBTA's proposed project as
an undertaking which may directly and adversely affect National Historic
Landmarks or mention any opportunity the Advisory Council on Historic
Preservation was afforded to comment on the undertaking, as required by that
statute.

28.    Regional Administrator Doyle's FONSI states that the proposed
changes to the Copley Station will have no adverse effect on historic resources,
namely the National Historic Landmark Boston Public Library, and that there
would be no Section 4(f) use of the Old South Church, also a National Historic
Landmark, because compliance with Section 106 resulted in a finding of "no
adverse effect".

29.    Regional Administrator Doyle's FONSI failed to identify the
MBTA's proposed project as a project within the Back Bay Historic District, an
historic district on the National Register of Historic Places.

8

30. Regional Administrator Doyle's FONSI failed to identify the MBTA's proposed project as including the removal and rehabilitation of the existing headhouse for the inbound entrance to Copley Station, with such work potentially allowing additions, alterations and the use of materials and features different from those on this headhouse, despite

    (a)    the inclusion of this headhouse on the National Register of Historic Places or the eligibility of this headhouse for inclusion on the National Register and

    (b)    the location of this headhouse on the site of the National Historic Landmark Boston Public Library.

31. Regional Administrator Doyle's FONSI failed to identify the MBTA's proposed project as including the removal and altering of portions of the historic stone steps and plaza that are part of the National Historic Landmark Boston Public Library site and that is included on the National Register of Historic Places.

32. Regional Administrator Doyle made his findings of a lack of adverse effect on the historical interests of the proposed Copley Station entrances despite the following:

    (a)    The proposed entrances will partially block the view of the National Historic Landmark Boston Public Library, the National Historic Landmark Old South Church and the historic headhouse at the inbound entrance to Copley Station.

(b)     Other feasible and prudent alternative sites are available, both
        mentioned in the FONSI and not mentioned in the FONSI, which do
        not obstruct the views of the National Historic Landmark Boston
        Public Library, National Historic Landmark Old South Church,or the
        existing inbound headhouse, which do not alter the existing inbound
        headhouse or the existing stone plaza and steps and which do not
        adversely affect or less adversely affect any historic sites.

(c)     The FONSI attempts to justify its determination of a lack of adverse
        impact by citing the MBTA's planned design of the elevator
        headhouses and associated stairwell headhouses which, although
        glass (and supposedly transparent), will appear as opaque objects
        and do not eliminate the obstruction of view caused by the proposed
        entrances to the Copley Station. In addition, their modern design
        constitutes further adverse impact on the historic fabric of the Old
        South Church, the Boston Public Library, the Copley Station
        inbound headhouse, and the Back Bay Historic District.

(d)     Several proposed but rejected entrance locations, which would less
        adversely impact historic interests, would fulfill the §4.3.2(1) of the
        ADA Accessibility Guidelines for Buildings and Facilities which
        state "the accessible route shall, to the maximum extent feasible,
        coincide with the route for the general public."

(e)     Several prudent and feasible sites were rejected even though the

Massachusetts Building Code, 521 CMR, 3.9 states that "An

Historic building or facility that is listed or is eligible for listing in

the National or State Register of Historic Places or is designated as

historic under appropriate state or local laws may be granted a

variance by the Board to allow alternative accessibility."

(f)     The MBTA has refused to assure that it would prohibit posting of

advertising on its currently proposed new entrances to Copley

Station, which partially obstructs the view of the National Historic

Landmark Boston Public Library and National Historic Landmark

Old South Church, negates the benefit of supposed transparent

structures, and adds otherwise unallowed advertising within the

Back Bay Architectural District.

(g)     Not only do the proposed surface structures occupy and change the

National Historic Landmark site of the Boston Public Library, block

the view of National Historic Landmark Boston Public Library and

Old South Church, occupy and block views within the Back Bay

Historic District which is listed on the National Register of Historic

Places and block the view of the Copley Station Inbound headhouse

which is listed on the National Register or eligible for listing on the

National Register, but the MBTA project also proposes that these

new surface structures will be modern structures not in keeping with

the design of the surrounding and obstructed historic structures, but of modern design that are claimed to match the historic character of their surroundings only in the inclusion of stone, glass and metal in a modern design.

(h)     Most of the buildings within the National Historic Landmark District are supported on timber piles including the National Historic Landmark Library and the National Historic Landmark Old South Church. The MBTA has not adequately responded to groundwater issues and has not adequately surveyed existing conditions or effects on existing adjacent structures.  Additionally the MBTA states in the Environmental Assessment, in response to a letter from the Groundwater Trust dated July 26, 2004, that it will seek the advice of the Groundwater Trust before finalizing the bid documents.  On information and belief, according to the Groundwater Trust, this did not occur.

(i)     The MBTA failed to act according to their own enabling act that requires that it provide an opportunity for a range of affected individuals and groups to be involved early in the design process, as per Section 5(k) of Chapter 161A of the Massachusetts General Laws .The Neighborhood Association of the Back Bay was not afforded the opportunity to see the Project until it was 75% complete, not allowing for input at the planning phase. On

12

information and belief, The Boston Preservation Alliance was never
included in any public process by the MBTA.

33.    Regional Administrator Doyle's Finding that the MBTA's proposed
project has no adverse impact on the historic qualities of National Historic
Landmarks, sites, districts and buildings on the National Register of Historic
Places and structures eligible for inclusion on the National Register is arbitrary,
capricious, not based upon substantial evidence, an abuse of discretion and not in
accordance with law.

34.    Regional Administrator Doyle's finding that no feasible alternative
exists to locating the proposed inbound elevator entrance to Copley Station on the
National Historic Landmark Boston Public Library site is inconsistent with his
approval in the same year (2004) of an elevator entrance for Arlington Station (the
closest MBTA stop to Copley Station). The elevator entrance for Arlington
Station is proposed to be 120 feet from the station to avoid opposition from the
owner of a relatively new, non-historic building. The proposed tunnel to the
Arlington Station would be more isolating for elevator users than any of the
feasible alternatives at Copley Station.

35.    Regional Administrator Doyle's finding that no feasible alternative
exists to locating an elevator entrance to Copley Station on the National Historic
Landmark Boston Public Library site is inconsistent with the MBTA's existing
and projected technological and automated fare collection system that would allow
for a separate entrance away from the National Historic Landmark Boston Public

13

Library, and directly onto the platform below. Such separate platform entrances are found in other parts of the MBTA's subway system (in the Central Square Station, for example) and the MBTA's goals are for future stations to have unstaffed automated fare collection. The MBTA is planning to augment the number of unmanned entrances with this new technology thereby eliminating the reason for placing the elevator on the National Historic Landmark site.

36.     Regional Administrator Doyle's finding that no feasible alternative exists to covering an existing open stair on the east side of Dartmouth Street, within the Back Bay Historic District, that will block views and alter the streetscape within the district is inconsistent with his approval in the same year (2004) of leaving two existing open stairs and one rerouted stair uncovered for Arlington Station (the closest MBTA stop to Copley Station)

COUNT I     VIOLATION OF NATIONAL HISTORIC PRESERVATION ACT
            §106, 16 U.S.C. §470f

            DEFENDANTS FTA and MBTA

37.     The plaintiffs incorporate the previous paragraphs into this count.

38.     Section 106 of the National Historic Preservation Act, 16 U.S. C.

§470f, provides, in pertinent part, as follows:

> The head of any Federal agency having direct or indirect jurisdiction
> over a proposed Federal or federally assisted undertaking in any
> State … shall, prior to the approval of the expenditure of any Federal
> funds on the undertaking … take into account the effect of the
> undertaking on any district, site, building, structure, or object that is
> included in or eligible for inclusion in the National Register. The

14

head of any such Federal agency shall afford the Advisory Council
on Historic Preservation established under part B of this subchapter
a reasonable opportunity to comment with regard to such
undertaking.

39.     The MBTA's proposed new entrance to Copley Station is a federally
assisted undertaking.

40.     Regional Administrator Doyle's failure to identify the Back Bay
Historic District as a district included on the National Register of Historic Places
is arbitrary, capricious, not based upon substantial evidence, an abuse of discretion
and not in accordance with law.

41.     Regional Administrator Doyle wrote a June 23, 2004 letter
identifying the existing inbound headhouse for Copley Station as on the National
Register of Historic Places and describing the work to be done on this headhouse.
This letter is inconsistent with his failure in the FONSI to identify the existing
inbound entrance to Copley Station as a historic object included in the National
Register of Historic Places, a historic object eligible for inclusion in the National
Register of Historic Places or a historic object on the site of the National Historic
Landmark Boston Public Library.  It is also inconsistent with the FONSI's failure
to describe or evaluate the removal of this historic object, the work to be done on
this historic object and the latitude allowed for changes to this historic object.
Regional Administrator Doyle has not described or evaluated the effect of the
proposed inbound elevator structure in obstructing the view of the existing historic
inbound headhouse.  His determination that the proposed MBTA Copley Station

15

project will have no adverse effect on historic resources was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

42.     Regional Administrator Doyle's determination that the construction of a new elevator entrance upon the site of the National Historic Landmark Boston Public Library has no adverse effect on historic resources, but which obstructs the view of that building and adversely affects the historic architectural symmetry of that building and the historic stone plaza and steps, was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

43.     Regional Administrator Doyle's determination that the construction of a new stair/escalator enclosure and a new elevator entrance has no adverse effect on historic resources, but which obstruct the view of the Old South Church, was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

44.     Regional Administrator Doyle's failure to include a determination concerning the construction of a new stair enclosure on the east side of Dartmouth Street that obstruct the views and alters the streetscape within the Back Bay Historic District was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

45. Regional Administrator Doyle's rejection of alternative designs as

neither prudent nor feasible was arbitrary, capricious, not based upon substantial

evidence, an abuse of discretion and not in accordance with law.

## COUNT II VIOLATION OF NATIONAL HISTORIC PRESERVATION ACT §110, 16 USC §470h-2

### DEFENDANTS FTA and MBTA

46. The plaintiffs incorporate the previous paragraphs into this count.

47. Section 110 of the National Historic Preservation Act, 16 U.S. C.

§470h-2(f), provides, in pertinent part, as follows:

Prior to the approval of any Federal undertaking which may directly
and adversely affect any National Historic Landmark, the head of the
responsible Federal agency shall, to the maximum extent possible,
undertake such planning and actions as may be necessary to
minimize harm to such landmark, and shall afford the Advisory
Council on Historic Preservation a reasonable opportunity to
comment on the undertaking.

48. The MBTA's Copley Station project directly and adversely affects

the National Historic Landmarks Old South Church and Boston Public Library.

49. Regional Administrator Doyle's finding that the MBTA's proposed

Copley Station project does not adversely affect historic properties was arbitrary,

capricious, not based upon substantial evidence, an abuse of discretion and not in

accordance with law.

50. The FTA did not undertake, to the maximum extent possible, such

planning and actions necessary to minimize harm from the MBTA's proposed

17

Copley Station project to the National Historic Landmarks Old South Church and

Boston Public Library, and the National Historic Back Bay District.

    51.    Upon information and belief, the FTA did not afford the Advisory

Council on Historic Preservation a reasonable opportunity to comment on the

MBTA's Copley Station project.

## COUNT III  VIOLATION OF DEPARTMENT OF TRANSPORTATION ACT §4(f)

### DEFENDANTS FTA and MBTA

    52.    The plaintiffs incorporate the previous paragraphs into this count.

    53.    Section 4(f) of the Department of Transportation Act, 49 U.S.C.

§303(c), in pertinent part provides as follows:

> The Secretary may approve a transportation program or project …
> requiring the use of … land of an historic site of national, State, or
> local significance (as determined by the Federal, State, or local
> officials having jurisdiction over the … site) only if –
>
> (1)    there is no prudent and feasible alternative to using that land;
> and
>
> (2)    the program or project includes all possible planning to
> minimize harm to the … historic site resulting from the use.

    54.    The MBTA's proposed project for its Copley Station

        (a)    occupies part of the site of the National Historic Landmark

            Boston Public Library

    (b)    partially obstructs the view of and adversely affects the design of the National Historic Landmark Boston Public Library

    (c)    removes the inbound entrance headhouse to the MBTA's Copley Station, which is part of a National Historic Landmark, included in the National Register of Historic Places, or eligible for inclusion in the National Register of Historic Places

    (d)    anticipates "rehabilitation" on the historically significant inbound headhouse to the MBTA's Copley Station in a way which allows alterations and additions and allows the use of materials and features different from those used in the original inbound entrance

    (e)    removes portions of and asymmetrically reconfigures the historic Library plaza and steps which are part of the National Landmark site

    (f)    obstructs the view of the historic inbound entrance headhouse to the MBTA's Copley Station

    (g)    obstructs the view of the National Historic Landmark Old South Church

    (h)    obstructs the views and alters the streetscape within the Back Bay Historic District

(i)     places architecturally inconsistent enclosures in the Back Bay
Historic District.

55.     Regional Administrator Doyle's finding that the MBTA's proposed
Copley Station project would have no adverse effect on the Old South Church,
Boston Public Library , or the historic inbound entrance headhouse to Copley
Station was arbitrary, capricious, not based upon substantial evidence, an abuse of
discretion and not in accordance with law.

56.     Regional Administrator Doyle's rejection of alternative designs to
placing the elevator entrance on the site of National Historic Landmark Boston
Public Library as inappropriate and unfeasible was arbitrary, capricious, not based
upon substantial evidence, an abuse of discretion and not in accordance with law.

57.     Regional Administrator Doyle made no finding on whether the
MBTA's proposed Copley Station project would have an adverse effect on the
Back Bay Historic District.

58.     All possible planning was not done in the MBTA's Copley Station
project to minimize harm to historic sites.

59.     Regional Administrator Doyle failed to adequately or thoroughly
examine all prudent and feasible alternatives that would minimize harm to the
historic sites as required by Sec. 4(f)., and such prudent and feasible alternatives
exist.

## NEED FOR INJUNCTIVE RELIEF

60.     The construction of the proposed permanent entrance structures to Copley Station, modifying the existing historic plaza and steps, removing the existing inbound entrance headhouse to Copley Station and the rehabilitation of that headhouse in a way which allows alterations and additions and allows the use of materials and features different from those used in the original inbound entrance, will cause irreparable harm to plaintiffs NABB and the BPA and their members.

61.     The injury caused by the construction of the proposed permanent entrance structures in the Back Bay Historic District and on the site of a National Historic Landmark, blocking views of National Historic Landmarks and blocking views of the historic inbound entrance headhouse will outweigh the harm to any defendant if injunctive relief is granted.

62.     An injunction serves the public interest by protecting the National Historic Landmark Boston Public Library, by protecting the historic inbound entrance headhouse to Copley Station, by protecting the historic stone plaza of the Library, by protecting the views of and design of the National Historic Landmark Boston Public Library, by protecting the views of the National Historic Landmark Old South Church and by protecting views and streetscapes of the Back Bay Historic District.

21

Wherefore the plaintiffs demand

(1)     that the District Court set aside the FTA Regional Administrator's

December 30, 2004 Finding of No Significant Impact in the MBTA's

proposed construction for Copley Station and declare it unlawful and

invalid;

(2)     that preliminary and final injunctions be issued prohibiting the FTA from

disbursing federal funds to the MBTA for use in

(a)     construction on the site of the National Historic Landmark Boston

Public Library;

(b)     construction obstructing the view of and adversely affecting the

design of the National Historic Landmark Boston Public Library;

(c)     construction obstructing the view of National Historic Landmark

Old South Church;

(d)     the removal of the existing headhouse at the inbound entrance to

Copley Station;

(e)     alterations or modifications to the existing headhouse at the inbound

entrance to Copley Station;

(f)     alterations or modifications to the existing stone plaza and steps at

the inbound entrance to Copley Station;

(g)     construction obstructing the view of the existing headhouse at the

inbound entrance to Copley Station;

      (h)    construction unnecessarily obstructing the views and altering the streetscape within the Back Bay Historic District.

(3)    that a preliminary and final injunction be issued prohibiting the MBTA from accepting or using any federal funds for use in

      (a)    construction on the site of the National Historic Landmark Boston Public Library;

      (b)    construction obstructing the view and adversely affecting the design of the National Historic Landmark Boston Public Library;

      (c)    construction obstructing the view of National Historic Landmark Old South Church;

      (d)    the removal of the existing headhouse at the inbound entrance to Copley Station;

      (e)    alterations or modifications to the existing headhouse at the inbound entrance to Copley Station;

      (f)    alterations or modifications to the existing stone plaza and steps at the inbound entrance to Copley Station;

      (g)    construction obstructing the view of the existing headhouse at the inbound entrance to Copley Station;

      (h)    construction unnecessarily obstructing the views and altering the streetscape within the Back Bay Historic District.

(4)    that the Court award costs to the plaintiffs including attorney fees

(5)    that the Court order such other relief as it deems just.

Plaintiffs:

Neighborhood Association of the
Back Bay, Inc. and The Boston
Preservation Alliance, Inc.

By their attorney,

John R. Devereaux Esq.
BBO No. 122200
Neighborhood Association of the
Back Bay, Inc
337 Newbury Street
Boston, Massachusetts 02115

24

"Exhibit A"

prev. editions in Research.

# NATIONAL
## of Historic Places 1966 to 1994
# REGISTER

*Cumulative List Through January 1, 1994*

**National Park Service**
*Washington, D.C.*

**The Preservation Press**
**National Trust for Historic Preservation**
*Washington, D.C.*

**National Conference of State**
**Historic Preservation Officers**
*Washington, D.C.*

## Plymouth County—Continued

Standish, Alexander, House, 341 Standish St., Duxbury vicinity, 7/12/78, A, 78001407

Watson House, Hanover St., Hanover, 9/07/79, A, C, 79000366

Weck Factory, The, SW of Norwell at 49 Tiffany Rd., Norwell vicinity, 12/03/80, A, 80000472

Telegraph Hill, Address Restricted, Hull, 7/12/76, A, D, 76000953

Third Meetinghouse, 1 Fairhaven Rd., Mattapoisett, 1/02/76, C, a, 76000956

Thomas—Webster Estate, 238 Webster St., Marshfield, 4/05/93, B, C, 93000206

Thumb, Tom, House, 351 Plymouth St., Middleborough, 4/16/93, B, C, 93000298

Tobey Homestead, Main St. and Sandwich Rd., Wareham, 6/05/86, B, C, 86001219

Town Hall, Bedford St., Lakeville, 10/22/76, A, C, 76000955

Tremont Nail Factory District, 21 Elm St., Wareham, 10/22/76, C, 76001964

U.S. Post Office-Middleborough Main, 90 Center St., Middleborough, 10/19/87, A, C, 87001774

Wampanoag Royal Cemetery, Address Restricted, Middleboro vicinity, 11/11/75, D, d, 75001625

Wampanucket Site, Address Restricted, Middleboro vicinity, 6/04/73, D, d, 73001596

Washburn, C.P., Grain Mill, Central and Cambridge Sts., Middleboro, 4/08/80, A, C, 80000667

Webster, Daniel, Law Office and Library, Careswell and Webster Sts., Marshfield, 5/30/74, B, b, NHL, 74002053

## Suffolk County

Abbotsford, 300 Walnut Ave., Boston, 9/16/87, C, 87000885

Adams Nervine Asylum, 990-1020 Centre St., Boston, 6/01/82, A, C, 82004456

African Meetinghouse, 8 Smith St., Boston, 10/07/71, A, C, a, NHL, NPS, 71000087

All Saints' Church, 211 Ashmont St., Boston, 6/16/89, C, a, 89000678

Ames Building, 1 Court St., Boston, 4/26/74, C, 74000382

Appleton, Nathan, Residence, 39-40 Beacon St., Boston, 12/22/77, B, NHL, 77001541

Arlington Street Church, Arlington and Boylston Sts., Boston, 5/04/73, A, C, a, 73000313

Armory of the First Corps of Cadets, 97-105 Arlington St. and 130 Columbus Ave., Boston, 5/22/73, A, C, 73000314

Arnold Arboretum, 22 Divinity Ave., Boston, 10/15/66, B, NHL, 66000127

Austin, Francis B., House, 58 High St., Boston, 10/21/88, C, 87001478

Back Bay Historic District, Roughly bounded by the Charles River, Arlington, Providence, Boylston and Newbury Sts., and Charlesgate East, Boston, 8/14/73, A, C, D, a, 73001948

Baker, Sarah J., School, 33 Perrin St., Boston,

---

Beach-Knapp District [Boston Theatre MRA], Roughly bounded by Harrison Ave., Washington, Kneeland, and Beach Sts., Boston, 12/09/80, A, C, 80000462

Beacon Hill Historic District, Bounded by Beacon St., the Charles River Embankment, and Pinckney, Revere, and Hancock Sts., Boston, 10/15/66, B, C, NHL, 66000130

Bedford Building, 89-103 Bedford St., Boston, 8/21/79, C, 79000368

Bellevue Standpipe [Water Supply System of Metropolitan Boston MPS], On Bellevue Hill at Washington St. and Roxbury Pkwy., Boston, 1/18/90, C, 89002251

Bellingham Square Historic District, Roughly bounded by Broadway, Shawmut, Chestnut, and Shurtleff Sts., Chelsea, 1/03/85, A, B, C, 85000030

Bellingham-Cary House, 34 Parker St., Chelsea, 9/06/74, B, C, 74000908

Berger Factory, 37 Williams St., Boston, 4/09/80, A, C, 80000677

Bigelow School, 350 W. 4th St., Boston, 2/21/85, C, 85000316

Blackstone Block Historic District, Area bound by Union, Hanover, Blackstone, and North Sts., Boston, 5/26/73, A, C, 73000315

Blake, James, House, 735 Columbia Rd., Boston, 5/01/74, C, b, 74002350

Boston African American National Historic Site, Museum of Afro American History, Dudley Station, Box 5, Boston, 10/10/80, A, C, a, f, NPS, 80004396

Boston Athenaeum, 10 1/2 Beacon St., Boston, 10/15/66, A, NHL, 66000132

Boston Common, Beacon, Park, Tremont, Boylston, and Charles St., Boston, 2/27/87, A, NHL, 87000760

Boston Common and Public Garden, Beacon, Park, Tremont, Boylston, and Arlington Sts., Boston, 7/12/72, A, C, 72000144

Boston Edison Electric Illuminating Company [Boston Theatre MRA], 25-39 Boylston St., Boston, 12/09/80, A, C, 80000453

Boston Harbor Islands Archeological District, Address Restricted, Boston vicinity, 12/21/85, D, 85003323

Boston Light [Lighthouses of Massachusetts TR (AD)], Little Brewster Island, Boston Harbor, Boston, 10/15/66, A, C, NHL, 66000133

Boston National Historical Park, Inner harbor at mouth of Charles River, Boston, 10/26/74, A, C, a, f, NPS, 74002222

Boston Naval Shipyard, E of Chelsea St., Charlestown, Boston, 11/15/66, A, C, D, g, NHL, NPS, 66000134

Boston Public Garden, Beacon, Charles, Boylston, and Arlington Sts., Boston, 2/27/87, A, NHL, 87000761

Boston Public Library, Copley Sq., Boston, 5/06/73, A, C, g, NHL, 73000317

Boston Young Men's Christian Union [Boston Theatre MRA], 48 Boylston St., Boston, 12/09/80, A, C, 80000451

Bowditch School, 80–82 Greene St., Boston,

---

Boylston Building [Boston Theatre MRA], 2-22 Boylston St., Boston, 12/09/80, A, C, 80000450

Brook Farm, 670 Baker St., Boston, 10/15/66, A, B, d, NHL, 66000141

Building at 138–142 Portland Street, 138–142 Portland St., Boston, 9/05/85, A, C, 85002015

Bulfinch Triangle Historic District, Roughly bounded by Canal, Market, Merrimac, and Causeway Sts., Boston, 2/27/86, A, C, 86000274

Bunker Hill Monument, Breed's Hill, Boston, 10/15/66, A, f, NHL, NPS, 66000138

Bunker Hill School, 65 Baldwin St., Boston, 10/15/87, A, C, 87001771

Calf Pasture Pumping Station Complex, 435 Mount Vernon St., Boston, 8/02/90, A, C, 90001095

Charles Playhouse. 74-78 Warenton St., Boston, 6/16/80, A, C, a, 80000676

Charles Street African Methodist Episcopal Church, 551 Warren St., Boston, 9/01/83, A, C, a, g, 83000601

Chelsea Square Historic District, Broadway, Medford, Tremont, Winnisimmett, Cross, Park and Beacon Sts., Chelsea, 4/08/82, A, C, 82004461

Chestnut Hill Reservoir Historic District [Water Supply System of Metropolitan Boston MPS], Beacon St. and Commonwealth Ave., Boston, 1/18/90, A, C, 89002271

Christ Church, 1220 River Rd., Boston, 1/30/86, C, a, 86000140

Church of Christ, 265 Beech St., Revere, 11/13/84, C, a, 84000430

Clapp Houses, 199 and 195 Boston St., Boston, 5/02/74, B, C, b, 74000911

Codman Building, 55 Kilby St., Boston, 10/19/83, C, 83004097

Codman Square District, Norfolk, Talbot, Epping, Lithgow, Centre, and Moultrie Sts , Boston, 6/23/83, A, C, 83000602

Congregation Agudath Shalom, 145 Walnut St., Chelsea, 4/16/93, A, C, a, 93000283

Congress Street Fire Station, 344 Congress St., Boston, 9/03/87, A, C, 87001396

Copp's Hill Burial Ground, Charter, Snowhill, and Hull Sts., Boston, 4/18/74, A, C, d, 74000385

Copp's Hill Terrace, Between Commercial and Charter Sts. W of Jackson Place, Boston, 4/19/90, A, C, 90000631

Crowninshield House, 164 Marlborough St., Boston, 2/23/72, C, 72000145

Customhouse District, Between J.F.K. Expwy. and Kirby St. and S. Market and High Sts., Boston, 5/11/73, A, C, 73000321

Cyclorama Building, 543-547 Tremont St., Boston, 4/13/73, A, C, 73000318

Dill Building [Boston Theatre MRA], 11-25 Stuart St., Boston, 12/09/80, A, C, 80000448

Dillaway School, 16-20 Kenilworth St., Boston, 4/09/80, A, C, 83001683

Dimock Community Health Center Complex, 41 and 55 Dimock St., Boston, 2/21/85, A, B, C, NHL, 85000317

District 13 Police Station, 28 Seaverns Ave., Boston, . . .

Case 1:05-cv-11211-JLT Document 1-2 Filed 06/09/2005 Page 3...

Exhibit A

374     MASSACHUSETTS

NATIONAL REGISTER OF HISTORIC PLACES 1966...

## Suffolk County—Continued

Dorchester Heights National Historic Site, South Boston, Boston, 10/15/66, A, B, C, f, NPS, 66000050

Dorchester North Burying Ground, Stroughton St. and Columbia Rd., Boston, 4/18/74, A, C, d, 74000915

Dorchester Pottery Works, 101-105 Victory Rd., Boston, 2/21/85, A, C, D, 85000318

Dorchester-Milton Lower Mills Industrial District, Both sides of Neponset River, Boston, 4/02/80, A, C, 80000675

Downtown Chelsea Residential Historic District, Roughly bounded by Shurtleff, Marginal, and Division Sts. and Bellingham Sq., Chelsea, 6/22/88, A, C, 88000718

Dudley Station Historic District, Washington, Warren, and Dudley Sts., Boston, 12/05/85, A, C, 85003074

Eliot Burying Ground, Eustis and Washington Sts., Boston, 6/25/74, A, C, d, 74000388

Eliot Hall, 7A Eliot St., Boston, 7/15/88, A, C, 88000959

Engine House No. 34, 444 Western Ave., Boston, 10/24/85, A, C, 85003375

Ether Dome, Massachusetts General Hospital, Fruit St., Boston, 10/15/66, A, NHL, 66000366

Faneuil Hall, Dock Sq., Boston, 10/15/66, A, C, NHL, NPS, 66000368

Fenway Studios Building, 30 Ipswich St., Boston, 9/13/78, C, 78000473

Fenway-Boylston Street District, Fenway, Boylston, Westland, and Hemenway Sts., Boston, 9/04/84, C, 84002875

Fields Corner Municipal Building, 1 Arcadia St., 195 Adams St., Boston, 11/12/81, A, C, 81000620

Filene's Department Store, 426 Washington St., Boston, 7/24/86, A, C, 86001909

First Baptist Church, Commonwealth Ave. and Clarendon St., Boston, 2/23/72, C, a, 72000146

First Church of Jamaica Plain, 6 Eliot St., Boston, 7/15/88, A, C, a, d, 88000955

Fort Independence, Castle Island, Boston, 10/15/70, A, 70000921

Fort Warren, Georges Island, Boston Harbor, Boston vicinity, 8/29/70, A, C, NHL, 70000540

Fulton-Commercial Streets District, Fulton, Commercial, Mercantile, Lewis, and Richmond Sts., Boston, 3/21/73, A, C, 73000319

Gardner, Isabella Stewart, Museum, 280 The Fenway, Boston, 1/27/83, A, B, C, 83000603

Garrison, William Lloyd, House, 125 Highland St., Boston, 10/15/66, B, NHL, 66000653

Garrison, William Lloyd, School, 20 Hutchings St., Boston, 4/16/80, A, C, 80000674

Goodwin, Ozias, House, 7 Jackson Ave., Boston, 6/23/88, A, C, 88000908

Greek Orthodox Cathedral of New England, 520 Parker St., Boston, 6/30/88, A, C, a, 88000957

Haffenreffer Brewery, Germania St., Boston, 5/02/82, A, C, 82004453

Hale, Edward Everett, House, 12 Morley St., Boston, 3/21/79, B, C, b, 73000325

Harding, Chester, House, 16 Beacon St., Boston, 10/15/66, B, NHL, 66000764

Harriswood Crescent, 60–88 Harold St., Boston, 3/13/86, A, C, 86000375

Harvard Avenue Fire Station, 16 Harvard Ave., Boston, 3/31/83, C, 83000605

Harvard Stadium, 60 N. Harvard St., Boston, 2/27/87, A, C, NHL, 87000757

Hayden Building [Boston Theatre MRA], 681-683 Washington St., Boston, 12/09/80, A, C, 80000446

Headquarters House, 55 Beacon St., Boston, 10/15/66, B, NHL, 66000765

Hoosac Stores 1 & 2-Hoosac Stores 3, 25 and 115 Water St., Charlestown, 8/14/85, A, C, NPS, 85002339

House at 17 Cranston Street, 17 Cranston St., Boston, 11/20/87, C, 87001398

Howe, Samuel Gridley and Julia Ward, House, 13 Chestnut St., Boston, 9/13/74, B, C, NHL, 74002044

Hoxie, Timothy, House, 135 Hillside St., Boston, 11/20/87, C, b, 87001399

International Trust Company Building, 39-47 Milk St., Boston, 9/10/79, A, C, 79000369

Joan Eliot Square District, John Eliot Sq., Boston, 4/23/73, A, C, a, 73000854

Kimball, C. Henry, House, 295 Washington St., Chelsea, 4/15/82, B, C, 82004464

King's Chapel, Tremont and School Sts., Boston, 5/02/74, C, a, NHL, 74002045

Kittredge, Alvah, House, 12 Linwood St., Boston, 5/08/73, B, C, b, 73000855

LUNA (tugboat), NDC Pier, Charles River, Boston, 10/06/83, A, C, g, NHL, 83004099

Lawrence Model Lodging Houses, 79, 89, 99 and 109 E. Canton St., Boston, 9/22/83, A, C, 83000606

Leather District, Roughly bounded by Atlantic Ave., Kneeland, Lincoln, and Essex Sts., Boston, 12/21/83, A, C, 83004098

Liberty Tree District [Boston Theatre MRA], Roughly bounded by Harrison Ave., Washington, Essex and Beach Sts., Boston, 12/09/80, A, C, 80000460

Locke—Ober Restaurant, 3–4 Winter Pl., Boston, 7/24/86, A, C, 86001911

Long Island Head Light [Lighthouses of Massachusetts TR], Long Island, Boston, 6/15/87, A, C, 87001481

Long Wharf and Customhouse Block, Foot of State St., Boston, 11/13/66, A, NHL, 66000768

Loring, Harrison, House, 789 E. Broadway St., Boston, 9/01/83, A, C, 83000604

Loring-Greenough House, 12 South St., Boston, 4/26/72, A, B, C, 72000544

Massachusetts General Hospital, Fruit Street, Boston, 12/30/70, A, C, NHL, 70000682

Massachusetts Historical Society Building, 1154 Boylston St., Boston, 10/15/66, A, NHL, 66000770

Massachusetts School of Art, 364 Brookline Ave., Boston, 8/03/89, A, C, 89000974

Massachusetts Statehouse, Beacon Hill, Boston, 10/15/66, C, NHL, 66000771

McKay, Donald, House, 78-80 White S..., 6/02/82, B, C, 82004450

Metropolitan Theatre [Boston Theatre M..., 272 Tremont St., Boston, 12/09/80..., 80000445

M..ssion Hill Triangle Historic District, bounded by Smith St., Worthington, mont St., and Huntington Ave., 11/06/89, A, C, 89001747

Monument Square Historic District, Mo... Sq., Boston, 6/02/87, A, B, C, 87001128...

Monument Square Historic District, R... bounded by Jamaicaway, Pond, Centre... iot Sts., Boston, 10/11/90, A, C, 9000153...

Moreland Street Historic District, bounded by Kearsarge, Blue Hill A... ren, Waverly, and Winthrop Sts..., 3/29/84, A, B, C, 84002890

Mount Pleasant Historic District, bounded by Forest St. and Moun... Ave., Boston, 2/09/89, A, C, 8900000...

Naval Hospital Boston Historic District... way, Chelsea, 8/14/73, A, 73000851

Nell, William C., House, 3 Smith C... 5/11/76, B, NHL, 76001979

New England Conservatory of Music, 2... tington Ave., Boston, 5/14/80, A, C, 80...

New Riding Club, 52 Hemenway St... 8/20/87, A, C, 87001394

Newspaper Row, 322-328 Washington..., Milk St., and 11 Hawley St., Boston, 7/... C, 83000607

Oak Square School, 35 Nonantum St... 11/10/80, C, 80000465

Old City Hall, School and Providence S... 12/30/70, C, NHL, 70000687

Old Corner Bookstore, NW corner of W... and School Sts., Boston, 4/11/73, A, C...

Old North Church, 193 Salem St... 10/15/66, A, C, a, NHL, NPS, 660007...

Old South Church in Boston, 645 Bo... Boston, 12/30/70, C, a, NHL, 70000690...

Old South Meetinghouse, Milk and Wa... Sts., Boston, 10/15/66, A, C, a, NH... 66000778

Old Statehouse, Washington and State S... ton, 10/15/66, A, C, NHL, NPS, 66000...

Old West Church, 131 Cambridge St... 12/30/70, C, a, NHL, 70000691

Otis, (First) Harrison Gray, House, 141 C... St., Boston, 12/30/70, C, NHL, 70000...

Otis, (Second) Harrison Gray, House, 8... non St., Boston, 7/27/73, C, 73001952...

Park Street District, Tremont, Park, and... Sts., Boston, 5/01/74, A, C, a, d, 74000...

Parkman, Francis, House, 50 Chestnut S... 10/15/66, B, NHL, 66000782

Phipps Street Burying Ground, Phipps S... 5/14/74, A, B, C, d, f, 74000907

Piano Row District [Boston Theatre ... ton Common, Park Sq., Boylston P... mont St., Boston, 12/09/80, A, C, 8000...

Pierce House, 24 Oakton Ave., Boston, ... C, 74000917

Pierce-Hichborn House, 29 North Sq... 11/24/68, C, NHL, 68000042

# NATIONAL HISTORIC LANDMARKS SURVEY

NATIONAL PARK SERVICE
1849 C Street, N.W. Room NC-400
Washington, DC 20240

## LISTING OF NATIONAL HISTORIC LANDMARKS BY STATE

### MASSACHUSETTS (180)

ADAMS ACADEMY ......04/19/94
QUINCY, NORFOLK COUNTY, MASSACHUSETTS
ADAMS, JOHN QUINCY, BIRTHPLACE......12/19/60
QUINCY, NORFOLK COUNTY, MASSACHUSETTS
ADAMS, JOHN, BIRTHPLACE......12/19/60
QUINCY, NORFOLK COUNTY, MASSACHUSETTS
ADVENTURE......04/19/94
GLOUCESTER, ESSEX COUNTY, MASSACHUSETTS
AFRICAN MEETING HOUSE......05/30/74
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
AMERICAN ANTIQUARIAN SOCIETY ......11/24/68
WORCESTER, WORCESTER COUNTY, MASSACHUSETTS
APPLETON, NATHAN, RESIDENCE......12/22/77
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
ARNOLD ARBORETUM ......01/12/65
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
ARROWHEAD (Herman Melville House) ......12/29/62
PITTSFIELD, BERKSHIRE COUNTY, MASSACHUSETTS
AYER, FREDERICK, MANSION ......04/05/05
BOSTON, SUFFOLK, MASSACHUSETTS
BALDWIN, MARIA, HOUSE ......05/11/76
CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
BEACON HILL HISTORIC DISTRICT ......12/19/62
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BEAUPORT......05/27/03
GLOUCESTER, ESSEX COUNTY, MASSACHUSETTS
BELLAMY, EDWARD, HOUSE ......11/11/71
CHICOPEE FALLS, HAMPDEN COUNTY, MASSACHUSETTS
BIRKHOFF, GEORGE D., HOUSE ......01/15/75
CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
BLUE HILL METEOROLOGICAL OBSERVATORY ......12/20/89
EAST MILTON, NORFOLK COUNTY  MASSACHUSETTS
BOARDMAN HOUSE ......11/05/61
SAUGUS, ESSEX COUNTY, MASSACHUSETTS
BOSTON ATHENAEUM ......12/21/65
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON COMMON ......02/27/87
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON LIGHT ......01/29/64
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON MANUFACTURING COMPANY ......12/22/77
WALTHAM, MIDDLESEX COUNTY, MASSACHUSETTS
BOSTON NAVAL SHIPYARD ......11/13/66
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON PUBLIC GARDENS......02/27/87
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON PUBLIC LIBRARY ......02/24/86
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOWDITCH, NATHANIEL, HOME ......01/12/65
SALEM, ESSEX COUNTY, MASSACHUSETTS
BRANDEIS, LOUIS, HOUSE ......11/28/72
CHATHAM, BARNSTABLE COUNTY, MASSACHUSETTS
BRIDGMAN, PERCY W., HOUSE......05/15/75
CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
BROOK FARM......07/23/65
BOSTON, SUFFOLK COUNTY, MASSACHUSETTS

LONG WHARF AND CUSTOM HOUSE BLOCK ................................................................................ 11/13/66
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
LONGFELLOW HOUSE ....................................................................................................................... 12/29/62
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
LOWELL LOCKS AND CANALS HISTORIC DISTRICT ..................................................................... 12/22/77
   LOWELL, MIDDLESEX COUNTY, MASSACHUSETTS
LOWELL'S BOAT SHOP ...................................................................................................................... 06/21/90
   AMESBURY, ESSEX COUNTY, MASSACHUSETTS
LUNA .................................................................................................................................................. 04/11/89
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
MASSACHUSETTS (USS) ................................................................................................................... 01/14/86
   FALL RIVER, BRISTOL COUNTY, MASSACHUSETTS
MASSACHUSETTS GENERAL HOSPITAL ........................................................................................ 12/30/70
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
MASSACHUSETTS HALL, HARVARD UNIVERSITY .......................................................................... 10/09/60
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
MASSACHUSETTS HISTORICAL SOCIETY BUILDING ..................................................................... 12/21/65
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
MASSACHUSETTS STATEHOUSE .................................................................................................... 12/19/60
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
MEMORIAL HALL, HARVARD UNIVERSITY ...................................................................................... 12/30/70
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
MINOT, GEORGE R., HOUSE ............................................................................................................. 01/07/76
   BROOKLINE, NORFOLK COUNTY, MASSACHUSETTS
MISSION HOUSE ................................................................................................................................ 11/24/68
   STOCKBRIDGE, BERKSHIRE COUNTY, MASSACHUSETTS
MOUNT, THE (Edith Wharton Estate) .................................................................................................. 11/11/71
   BERKSHIRE COUNTY, MASSACHUSETTS
MOUNT AUBURN CEMETERY ........................................................................................................... 05/27/03
   WATERTOWN, MIDDLESEX COUNTY, MASSACHUSETTS
NANTUCKET HISTORIC DISTRICT .................................................................................................... 11/13/66
   NANTUCKET COUNTY, MASSACHUSETTS
NAUSET ARCHEOLOGICAL DISTRICT ............................................................................................. 04/19/93
   CAPE COD NATIONAL SEASHORE, EASTHAM COUNTY, MASSACHUSETTS
NELL, WILLIAM C., RESIDENCE ....................................................................................................... 05/11/76
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
NEW BEDFORD HISTORIC DISTRICT ............................................................................................... 11/13/66
   NEW BEDFORD, BRISTOL COUNTY, MASSACHUSETTS
NEW ENGLAND CONSERVATORY OF MUSIC ................................................................................. 04/19/94
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
NEW ENGLAND HOSPITAL FOR WOMEN AND CHILDREN ........................................................... 07/17/91
   ROXBURY, SUFFOLK COUNTY, MASSACHUSETTS
NORFOLK COUNTY COURTHOUSE ................................................................................................. 11/28/72
   DEDHAM, NORFOLK COUNTY, MASSACHUSETTS
OLD CITY HALL (BOSTON) ................................................................................................................ 12/30/70
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD DEERFIELD HISTORIC DISTRICT ............................................................................................. 10/09/60
   DEERFIELD, FRANKLIN COUNTY, MASSACHUSETTS
OLD MANSE ....................................................................................................................................... 12/29/62
   CONCORD, MIDDLESEX COUNTY, MASSACHUSETTS
OLD NORTH CHURCH ....................................................................................................................... 01/20/61
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD SHIP MEETINGHOUSE ............................................................................................................. 10/09/60
   HINGHAM, PLYMOUTH COUNTY, MASSACHUSETTS
OLD SOUTH CHURCH IN BOSTON .................................................................................................. 12/30/70
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD SOUTH MEETING HOUSE ........................................................................................................ 10/09/60
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD STATE HOUSE ........................................................................................................................... 10/09/60
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD WEST CHURCH ......................................................................................................................... 12/30/70
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLMSTED, FREDERICK LAW, HOUSE ............................................................................................. 05/23/63
   BROOKLINE, NORFOLK COUNTY, MASSACHUSETTS
ORCHARD HOUSE ............................................................................................................................ 12/29/62
   CONCORD, MIDDLESEX COUNTY, MASSACHUSETTS
PAINE, ROBERT TREAT, HOUSE ..................................................................................................... 06/30/89
   WALTHAM, MIDDLESEX COUNTY, MASSACHUSETTS

# NABB



## What is NABB?

**Select**

Home

What is **NABB**

Join NABB

Current News Letters

Committees

Friends and Neighbors
Activities

Resources for Residents

History of Back Bay

Links

Contact Us

Site Map

NABB's purpose, as expressed in its Articles of Organization, is to "...combat community deterioration, to preserve and protect the architectural beauty of the Back Bay, and to further Back Bay's residential character." (Click on NABB History)

NABB is a non-profit, charitable organization with a current membership of approximately 2,500. A 50-member Board of Directors, and an 13-member Executive Committee govern NABB. (Click on Officers and Directors)

The bulk of NABB's work is performed by a roster of 16 standing committees, covering virtually every neighborhood issue from Architectural preservation to Zoning enforcement. (Click on Committees)

NABB's Friends and Neighbors activities join neighbors who share common interests. Currently thre are over 20 active Friends and Neighbors groups. (Click on Friends and Neighbors.)

About half of NABB's annual income is derived from membership dues, currently $45 per year for individuals and $60 for families. Corporate memberships are also available. (Click on Join NABB) Most of NABB's remaining income is from special events and fundraising efforts held throughout the year.

NABB's office is located at 337 Newbury Street and is staffed by a full-time office administrator. Telephone is (617) 247-3961. Fax is (617) 247-3387. E-mail is nabbinc@verizon.net , or click on Contact Us. Information about special events is available by calling (617) 859-RSVP (7787).

The boundaries of the Back Bay, as defined by NABB's Articles of Organization, are the Charles River on the North; Arlington Street to Park Square on the East; Columbus Avenue to the New York New Haven and Hartford right-of-way (South of Stuart Street and Copley Place), Huntington Avenue, Dalton Street, and the Mass. Turnpike on the South; and Charlesgate East on the West.

**= BACK BAY ARCHITECTURAL DISTRICT**



——————— = NABB Boundaries

*"Exhibit D"*

# The Boston Preservation Alliance



**SAVE FENWAY PARK!**

**Greenvale Vineyards
Our Wine of Choice**





Contribute to the BPA

home ◄
what's new
projects
membership
calendar
newsletter
fenway park
old house fair
feedback
NHLs in Boston
preservation
organizations
jobs@BPA
awards
auction



**SHAWMUT**
Design and Construction

A non-profit preservation organization founded in 1978, the Boston Preservation Alliance provides advocacy, leadership, and education to preserve Boston's historic places.

The Alliance believes Boston's architectural heritage is a national treasure, contributing to the quality of life for Boston's residents and visitors as well as to the economic health of the city. While committed to preserving the best of Boston's historic built environment, the Alliance recognizes the importance of growth and development to a vibrant economy and advocates for a harmonious balance between the old and new.

The BPA believes that Boston's distinct architectural heritage is a national treasure, which contributes greatly to the economy of the city and the quality of life for its residents and visitors.

With more than 50 organizations and hundreds of individuals as members, the Alliance provides a respected voice for preservation in the city of Boston.

For more information, please contact us at:

The Boston Preservation Alliance
Old City Hall
45 School Street
Boston, MA 02108
(617) 367-2458

Join the Alliance and support:

Early warning and planning initiatives, including advocacy alerts, special roundtables and economic feasibility analyses affecting Boston's historic buildings, communities and landscapes

Public education through special events, tours, news updates, and press releases

Shaping public policy by offering and commenting on legislation, planning efforts and administrative practices

Technical assistance to neighborhood and civic groups in developing preservation strategies



*"Exhibit E"*

**U.S. Department
of Transportation
Federal Transit
Administration**

REGION I
Connecticut, Maine,
Massachusetts,
New Hampshire,
Rhode Island, Vermont

Volpe Center
55 Broadway  Suite 920
Cambridge, MA  02142-1093
617-494-2055
617-494-2865 (fax)

**DEC 3 0** 2004

Mr. Michael H. Mulhern
General Manager
Massachusetts Bay Transportation Authority
Ten Park Plaza
Boston, MA 02116

Re: **Copley Station Environmental Assessment
    Finding of No Significant Impact**

Dear Mr. Mulhern:

Based upon a review of the environmental documentation, the Federal Transit Administration (FTA) has issued a Finding of No Significant Impact (FONSI) for the Copley Station Light Rail Accessibility Improvement Project. The purpose of this project is to make the station compliant with the American's with Disabilities Act (ADA) of 1990 through the construction of a safe, barrier-free pedestrian access to the station and platforms.

Please be advised that in accordance with 23 CFR 771.121, the Massachusetts Bay Transportation Authority (MBTA) is required to transmit a notice of availability of this FONSI to all affected Federal, state and local governmental entities. In addition, under Section 106 of the National Historic Preservation Act, the FTA has determined that this project will have no adverse effect on historic resources. Furthermore, FTA has determined that there is no prudent and feasible alternative to the use of Section 4(f) property (Boston Public Library, a National Historic Landmark) and that the action includes all possible planning to minimize harm. Moreover, FTA determined there would be no Section 4(f) use of the Old South Church, a National Historic Landmark because compliance with Section 106 for proximity impacts resulted in a finding of "no adverse effect." (23 CFR 771.135(p)(5))

Please let me know if you have any questions regarding this matter. The FTA looks forward to continuing to work with the MBTA on this important transit improvement.

Sincerely,

Richard H. Doyle
Regional Administrator

Attachment

## FEDERAL TRANSIT ADMINISTRATION
## REGION I

### Finding of No Significant Impact

**Project: Copley Station Accessibility Improvement**

**Applicant: Massachusetts Bay Transportation Authority (MBTA)**

**Project Location: Boston, Massachusetts**

### Purpose and Need
The Americans with Disabilities Act (ADA) of 1990 requires public transit agencies to identify key stations and develop a plan to implement accessibility improvements at these stations. The Copley Station has been determined to be a key station based on ADA criteria. The primary purpose of this project is to make the station compliant with the ADA.

### Alternatives Considered
Since the existing station has no accessible entrance, the No Build alternative does not meet the project purpose and need to make the station compliant with the ADA.

Beyond the No Build Alternative, the MBTA identified several options for locating elevators at Copley Station (originally identified in the 1995 Schematic Design Report for the MBTA's Light Rail Accessibility Program). The MBTA conducted an alternative analysis to assess the impacts of the project against the transportation, construction, accessibility, operational and pedestrian/customer needs of the station. The consideration of alternatives is further limited by the ADA's requirement that the accessible route and entrance shall, to the maximum extent practicable, coincide with the circulation path of the general public (ADA – 49 CFR Part 37, Appendix A sections 10.3.1 and 10.3.2).

### Proposed Project
The primary purpose of the Copley Station accessibility project is to meet the federally mandated key station plan objectives of accessibility to individuals with disabilities. Making this station accessible will require new work or renovations at surface and platform levels. At the surface level, new elevators to gain entry to the inbound (Boston Public Library) and outbound (Old South Church) platforms will provide access from the street to the fare mezzanine.

Other accessibility improvements include raising the entire platforms to 8 inches above top-of-rail to allow individuals in wheelchairs to enter the new low-floor trains and installation of a public address system with LED signs. New lighting, accessible fare collection, emergency exit stairs and a new electrical service from Arlington Station are also included.

### Agency Coordination and Public Opportunity to Comment

The MBTA has involved a number of agencies, local officials and the public in the planning and design of the Copley Station project. The EA was made available to the public on June 28, 2004 with the comment period closing on July 28, 2004. A public hearing was held on July 15, 2004.

Page 2

## Determinations and Findings
### National Environmental Policy Act (NEPA) Finding

FTA served as the lead agency under NEPA for the project. The MBTA prepared an Environmental Assessment (EA) in compliance with NEPA, 42 U.S.C. 4321 et. seq. and with FTA's regulations, 23 CFR Part 771. The EA analyzes and describes the project's potential significant impacts.

After reviewing the EA and supporting documents and public comments, the FTA finds under 23 CFR 771.121 that the proposed project will have no significant adverse impacts on the environment. The record provides sufficient evidence and analysis for determining that an Environmental Impact Statement (EIS) is not required.

### Section 106 Compliance
Section 106 of the National Historic Preservation Act requires the review of federally assisted projects for impacts to districts, sites, buildings, structures and objects listed in, or eligible for inclusion in the National Register of Historic Places. Federal agencies must coordinate with the State Historic Preservation Officer (SHPO) and potentially affected Tribes to make this determination. The Advisory Council on Historic Preservation (ACHP) has established procedures for the protection of historic and cultural properties in, or eligible for the National Register (36 CFR Part 800).

The project site is immediately adjacent to the Old South Church and the Boston Public Library, National Historic Landmarks. In preparation of a Section 106 determination the FTA and the MBTA coordinated with the Massachusetts Historical Commission (MHC) and the Boston Landmarks Commission (BLC) to ensure the surface elements of the Copley Station accessibility improvements are compatible with these historic structures.

Based on this consultation and analysis prepared by the MBTA, the FTA submitted a determination of effect to the SHPO on January 23, 2004. On January 29, 2004 the MHC concurred with FTA's determination that the proposed project will have no adverse effect on historic resources.

### Section 4(f) Findings
According to Section 4(f) of the Department of Transportation Act of 1966, codified as 49 U.S.C. 303, the Secretary of Transportation may not approve the use of land from a significant publicly owned public park, recreation area, or wildlife and waterfowl refuge or any significant historic site unless a determination is made that: there is no feasible and prudent alternative to the use of land from the property; and the action includes all possible planning to minimize harm to the property resulting from such use (23 CFR 771.135). An element of the proposed project, construction of a new elevator at the inbound Copley Station, will use land from the Boston Public Library, a National Historic Landmark (NHL). The FTA submitted to the Department of Interior (DOI) a Section 4(f) evaluation that was prepared by the MBTA that analyzed alternatives to the proposed action to ensure that all possible planning had been undertaken to minimize harm to the historic resources.

Page 3

An alternative not presented in the 4(f) evaluation was to locate the elevator 150 feet away from the station entrance in front of the recent library addition and thereby avoid NHL property. FTA did not consider this alternative to be prudent and feasible since it would not coincide with the circulation path of the general public (ADA – 49 CFR Part 37, Appendix A sections 10.3.1 and 10.3.2). Although not identified in the 4(f) evaluation, this alternative is presented in the EA as an option considered and dismissed during the NEPA process. Beyond considerations of the ADA, the EA presented two design options for this alternative. The first option would involve significant engineering issues such as the need to construct a new tunnel for fare collection purposes that would conflict with a 30' sewer line. In lieu of the tunnel, the second design option involves the construction of a caged gate system which would isolate the passenger and create operational impediments. Neither of these two designs for this alternative (tunnel or caged gate system) is appropriate nor feasible.

Moreover, FTA determined there would be no Section 4(f) use of the Old South Church, a National Historic Landmark because compliance with Section 106 for proximity impacts resulted in a finding of "no adverse effect." 23 CFR 771.135(p)(5).

By letter dated May 10, 2004, DOI concurred with FTA's 4(f) determination that there is no prudent and feasible alternative to the proposed action.

Finally, it is FTA's position that Section 4(f) requirements do not apply to the rehabilitation of the historic inbound headhouse because the SHPO concurred in FTA's determination that the project will not adversely affect the historic qualities of that transportation facility. 23 CFR 771.135(f).


Approved: _____     Date: _December 30, 2004_
Richard H. Doyle
Regional Administrator
FTA, Region I


Concur: _____ Date: _December 30, 2004_
Margaret E. Foley
Regional Counsel

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)** _Neighborhood Association of the Back Bay, Inc. vs._
   _Federal Transit Administration_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ☐ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☐ III.  110, 120, 130, 140, 151, 190, 210, 220, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Neighborhood Association of the Back Bay, Inc vs. Federal Transit Administration, Docket 04 CV 11550

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

   YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑    NO ☐

   A.    If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☑    Central Division ☐    Western Division ☐

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _John R. Devereaux Esq.,  BBO No. 122200_

ADDRESS _c/o NABB, 337 Newbury Street, Boston, MA  02115_

TELEPHONE NO. _617-247-3961_

(CategoryForm.wpd - 5/2/05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Neighborhood Association of the Back Bay, Inc., Boston Preservation Alliance, Inc.

**(b)** County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John R. Devereaux, Esq., c/o NABB, 337 Newbury Street, Boston MA 02115

## DEFENDANTS
Federal Transit Administration, Massachusetts Bay Transportation Authority

County of Residence of First Listed Defendant **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
16 U.S.C Sec. 470(f), Sec 470 h-2, 49 U.S.C. Sec 303
Brief description of cause:
Declaratory, injunctive relief under Nat. Historic Preserv. Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Reginald Lindsay
DOCKET NUMBER 04 CV 11550

DATE
June 7, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____