UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-11211JLT

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC., and THE BOSTON PRESERVATION ALLIANCE, INC. <br><br> Plaintiffs <br><br> v. <br><br> FEDERAL TRANSIT ADMINISTRATION and MASSACHUSETTS BAY TRANSPORTATION AUTHORITY <br> Defendants | **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## PARTIES

1.    Plaintiff Neighborhood Association of the Back Bay, Inc. ("NABB")

is a charitable corporation with a principal place of business at 337 Newbury

Street, Boston, Massachusetts.

2.    Plaintiff Boston Preservation Alliance, Inc. ("BPA") is a non-profit

preservation organization with a principal place of business at 45 School Street,

Boston, Massachusetts.

3.    Defendant Federal Transit Administration ("FTA") is an

administration within the United States Department of Transportation, with a

principal place of business at 400 7th Street SW, Washington, D.C. and with a

regional office for Region I, which includes Boston, at the Transportation Systems

Center, Kendall Square, 55 Broadway, Suite 920, Cambridge, Massachusetts.

4.      Defendant Massachusetts Bay Transportation Authority ("MBTA") is

a body politic and corporate and a political subdivision of the Commonwealth of

Massachusetts, with a principal place of business at 10 Park Plaza, Boston,

Massachusetts.

5.      Plaintiff NABB is located in the same Back Bay Historic District

(see exhibit A attached) as the National Historic Landmarks (NHL) Boston Public

Library and Old South Church (see exhibit B attached) and in which the MBTA's

Copley Station is located.  The Back Bay Historic District is on the National

Register of Historic Places. Based on information in the report of preservation

consultant Jane Carolan, a contractor to the MBTA, the inbound stairway entrance

kiosk to Copley Station is on the National Register of Historic Places.  Even if the

inbound stairway entrance kiosk to Copley Station is not on the National Register

of Historic Places, that inbound entrance kiosk is eligible for the National Register

of Historic Places.

6.      NABB incorporated in 1955 as a charitable corporation (see exhibit

C attached). Its members are about 2500 residents of the Back Bay Historic

District who will suffer that kind of injury against which 16 U.S.C., §470f, 16

U.S.C. §470h-2 and 49 U.S.C. §303 protects.  NABB has as a primary purpose

preserving and protecting the architectural beauty of the Back Bay.  Plaintiff

NABB maintains an Architecture Committee which reviews and comments on

projects that have an impact on the architectural and historic interests and streetscapes of Back Bay, including preservation of the historic nature of Back Bay and its buildings.

7.     The Boston Preservation Alliance, founded in 1978 (see exhibit D attached) as a non-profit preservation organization, provides advocacy, leadership, and education to preserve Boston's historic places.  With more than 50 organizations and hundreds of individuals as members, the Alliance believes that Boston's distinct architectural heritage is a national treasure, that contributes greatly to the economy of the city and the quality of life for its residents and visitors.

## JURISDICTION

8.     The action arises under 5 U.S.C. §701-§706, 16 U.S.C. §470f, 16 U.S.C. §470h-2, 42 U.S.C. §1983 and under 49 U.S.C. §303, as hereinafter more fully appears.  In addition to jurisdiction for the existence of a federal question under 28 U.S.C. §1331, this is a civil action against the United States founded upon Acts of Congress and regulations of executive departments, providing jurisdiction under 28 U.S.C. §1346.  The remaining claims are so related to the claims under federal law that they form part of the same case or controversy, providing supplemental jurisdiction under 28 U.S.C. §1367(a).

## PROPOSED MBTA PROJECT AT COPLEY STATION

9.     Plaintiffs support making Copley Station accessible by elevator and ADA compliant and seek to achieve this accessibility without adversely affecting

3

the historic and architectural character of the Back Bay Historic District, the National Historic Landmark buildings Boston Public Library and Old South Church, or other historic structures. The MBTA's proposed entrances to Copley Station are in the Back Bay Historic District and will negatively alter historic sites, view corridors and streetscapes in that district.

10.    The MBTA plans to add two new elevator entrances to its underground Copley Station in Boston, Massachusetts. The proposed elevator entrances are intended to provide access to and from Copley Station to comply with the Americans With Disabilities Act of 1990. One of the elevators proposed for Copley Station is to provide access to the inbound side of Copley Station; the other elevator is proposed to provide access to the outbound side of Copley Station.

11.    In addition to the elevator headhouses, the MBTA plans to replace an existing stairwell/escalator headhouse with a new structure and add a new stairwell headhouse over an existing stairwell at the outbound entrances to the Copley Station.

12.    As presently proposed, the MBTA's project will adversely impact the architectural and historical character of the National Historic Landmark Old South Church, the National Historic Landmark Boston Public Library, the existing historic inbound entrance to Copley Station and the Back Bay Historic District, despite the availability of prudent and feasible alternatives that would not

4

adversely impact any historic interests, or impact the historic interests less adversely and at the same time provide elevator access to Copley Station.

13.    Upon information and belief, the MBTA plans to pay for its proposed new entrances to Copley Station in whole or in part with federal funds from the Federal Transit Administration of the U.S. Department of Transportation. The MBTA also receives other federal funds.

14.    The MBTA's proposed entrances to Copley Station will partially obstruct views of the National Historic Landmark Old South Church and the National Historic Landmark Boston Public Library.

15.    The MBTA's proposed entrances to Copley Station are in the Back Bay Historic District. The three proposed outbound headhouses will negatively alter historic view corridors and streetscapes in that district, especially the Dartmouth Street Mall and the view and pedestrian corridors connecting the Back Bay with Copley Square and the National Historic Landmark Boston Public Library and National Historic Landmark Old South Church.

16.    The MBTA's proposed inbound elevator entrance to Copley Station will be on the site of the National Historic Landmark Boston Public Library, occupying part of the stone plaza surrounding the library building.

17.    The MBTA's proposed elevator on the site of the National Historic Landmark Boston Public Library located to one side of the existing historic wrought iron inbound entrance will adversely affect the historic symmetry of the north façade of the building, alter and diminish the significance of the existing

5

historic wrought iron entrance centrally located on that façade, and alter the historic stone plaza of the library.

18.    The MBTA's proposed inbound elevator will permanently alter the historic stone plaza surrounding the National Historic Landmark Boston Public Library by removing existing stone steps and parts of the plaza to accommodate access to the elevator. These are not only permanent changes to the historic fabric, but will also alter the symmetrical relationship of the steps and plaza to the library behind.

19.    The MBTA's proposed project will remove the headhouse for the existing inbound entrance to Copley Station, which is either on or eligible for inclusion on the National Register of Historic Places, but this headhouse will neither be preserved in its present state nor restored to its historic condition. Rather, it will be "rehabilitated" in a way which allows alterations and additions and allows the use of materials and features different from those used in the original inbound entrance.

## HISTORIC STATUS OF OLD SOUTH CHURCH, THE McKIM BUILDING OF THE BOSTON PUBLIC LIBRARY, THE INBOUND ENTRANCE TO COPLEY STATION AND THE BACK BAY HISTORIC DISTRICT

20.    The Old South Church and the McKim Building of the Boston Public Library are designated National Historic Landmarks and are listed in the State Register of Historic Places. Both buildings are within the Back Bay Historic District, and are listed on the National Register of Historic Places.

6

21.    Both the National Historic Landmark Boston Public Library and the National Historic Landmark Old South Church are designated City of Boston Landmarks by the Boston Landmarks Commission, a commission within the City of Boston Environment Department.

22.    The area on the north side of Boylston Street encompassing the Old South Church lies within the Back Bay Architectural District, an historic district designated and protected by Massachusetts statutes, St. 1966, c. 625, as amended.

23.    The Back Bay of Boston is particularly protected as an architecturally significant historic district by Massachusetts statute, St. 1966, c. 625, as amended.

24.    The National Historic Landmark Boston Public Library and the National Historic Landmark Old South Church are significant historic sites.

25.    Upon information and belief, the headhouse for the existing inbound entrance to Copley Station is a wrought iron wrapped structure included on the National Register of Historic Places or eligible for inclusion on the National Register. Upon information and belief, it is on and part of the site of National Historic Landmark Boston Public Library. The inbound entrance to Copley Station is within the Back Bay Historic District.

26.    The Back Bay Historic District is a historic district listed on the National Register of Historic Places.

7

## FEDERAL AGENCY ACTION

27.     On December 30, 2004, Richard Doyle, the FTA's Regional

Administrator for Region I, issued a document entitled "Finding of No Significant

Impact" ("FONSI") for the MBTA's proposed new entrances to its Copley Station.

Mr. Doyle issued the FONSI both under §106 of the Federal Historic Preservation

Act (16 U.S.C. §470f) ("§106") and §4(f) of the Department of Transportation Act

of 1966 (49 U.S.C. §303) ("§4(f)"). (A copy of the FONSI is hereto annexed as

Exhibit E.) The FONSI does not mention §110 of the National Historic

Preservation Act (16 U.S.C. §470h-2) or analyze the MBTA's proposed project as

an undertaking which may directly and adversely affect National Historic

Landmarks or mention any opportunity the Advisory Council on Historic

Preservation was afforded to comment on the undertaking, as required by that

statute.

28.     Regional Administrator Doyle's FONSI states that the proposed

changes to the Copley Station will have no adverse effect on historic resources,

namely the National Historic Landmark Boston Public Library, and that there

would be no Section 4(f) use of the Old South Church, also a National Historic

Landmark, because compliance with Section 106 resulted in a finding of "no

adverse effect".

29.     Regional Administrator Doyle's FONSI failed to identify the

MBTA's proposed project as a project within the Back Bay Historic District, an

historic district on the National Register of Historic Places.

8

30.     Regional Administrator Doyle's FONSI failed to identify the
MBTA's proposed project as including the removal and rehabilitation of the
existing headhouse for the inbound entrance to Copley Station, with such work
potentially allowing additions, alterations and the use of materials and features
different from those on this headhouse, despite

    (a)     the inclusion of this headhouse on the National Register of Historic
        Places or the eligibility of this headhouse for inclusion on the
        National Register and

    (b)     the location of this headhouse on the site of the National Historic
        Landmark Boston Public Library.

31.     Regional Administrator Doyle's FONSI failed to identify the
MBTA's proposed project as including the removal and altering of portions of the
historic stone steps and plaza that are part of the National Historic Landmark
Boston Public Library site and that is included on the National Register of Historic
Places.

32.     Regional Administrator Doyle made his findings of a lack of adverse
effect on the historical interests of the proposed Copley Station entrances despite
the following:

    (a)     The proposed entrances will partially block the view of the National
        Historic Landmark Boston Public Library, the National Historic
        Landmark Old South Church and the historic headhouse at the
        inbound entrance to Copley Station.

9

(b)     Other feasible and prudent alternative sites are available, both

mentioned in the FONSI and not mentioned in the FONSI, which do

not obstruct the views of the National Historic Landmark Boston

Public Library, National Historic Landmark Old South Church, or

the existing inbound headhouse, which do not alter the existing

inbound headhouse or the existing stone plaza and steps and which

do not adversely affect or less adversely affect any historic sites.

(c)     The FONSI attempts to justify its determination of a lack of adverse

impact by citing the MBTA's planned design of the elevator

headhouses and associated stairwell headhouses which, although

glass (and supposedly transparent), will appear as opaque objects

and do not eliminate the obstruction of view caused by the proposed

entrances to the Copley Station.  In addition, their modern design

constitutes further adverse impact on the historic fabric of the Old

South Church, the Boston Public Library, the Copley Station

inbound headhouse, and the Back Bay Historic District.

(d)     Several proposed but rejected entrance locations, which would less

adversely impact historic interests, would fulfill the §4.3.2(1) of the

ADA Accessibility Guidelines for Buildings and Facilities which

state "the accessible route shall, to the maximum extent feasible,

coincide with the route for the general public."

10

(e)     Several prudent and feasible sites were rejected even though the

Massachusetts Building Code, 521 CMR, 3.9 states that "An

Historic building or facility that is listed or is eligible for listing in

the National or State Register of Historic Places or is designated as

historic under appropriate state or local laws may be granted a

variance by the Board to allow alternative accessibility."

(f)     The MBTA has refused to assure that it would prohibit posting of

advertising on its currently proposed new entrances to Copley

Station, which partially obstructs the view of the National Historic

Landmark Boston Public Library and National Historic Landmark

Old South Church, negates the benefit of supposed transparent

structures, and adds otherwise unallowed advertising within the

Back Bay Architectural District.

(g)     Not only do the proposed surface structures occupy and change the

National Historic Landmark site of the Boston Public Library, block

the view of National Historic Landmark Boston Public Library and

Old South Church, occupy and block views within the Back Bay

Historic District which is listed on the National Register of Historic

Places and block the view of the Copley Station Inbound headhouse

which is listed on the National Register or eligible for listing on the

National Register, but the MBTA project also proposes that these

new surface structures will be modern structures not in keeping with

11

the design of the surrounding and obstructed historic structures, but of modern design that are claimed to match the historic character of their surroundings only in the inclusion of stone, glass and metal in a modern design.

(h)     Most of the buildings within the National Historic Landmark District are supported on timber piles including the National Historic Landmark Library and the National Historic Landmark Old South Church. The MBTA has not adequately responded to groundwater issues and has not adequately surveyed existing conditions or effects on existing adjacent structures.  Additionally the MBTA states in the Environmental Assessment, in response to a letter from the Groundwater Trust dated July 26, 2004, that it will seek the advice of the Groundwater Trust before finalizing the bid documents.  On information and belief, according to the Groundwater Trust, this did not occur.

(i)     The MBTA failed to act according to their own enabling act that requires that it provide an opportunity for a range of affected individuals and groups to be involved early in the design process, as per Section 5(k) of Chapter 161A of the Massachusetts General Laws .The Neighborhood Association of the Back Bay was not afforded the opportunity to see the Project until it was 75% complete, not allowing for input at the planning phase. On

12

information and belief, The Boston Preservation Alliance was never included in any public process by the MBTA.

33.    Regional Administrator Doyle's Finding that the MBTA's proposed project has no adverse impact on the historic qualities of National Historic Landmarks, sites, districts and buildings on the National Register of Historic Places and structures eligible for inclusion on the National Register is arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

34.    Regional Administrator Doyle's finding that no feasible alternative exists to locating the proposed inbound elevator entrance to Copley Station on the National Historic Landmark Boston Public Library site is inconsistent with his approval in the same year (2004) of an elevator entrance for Arlington Station (the closest MBTA stop to Copley Station). The elevator entrance for Arlington Station is proposed to be 120 feet from the station to avoid opposition from the owner of a relatively new, non-historic building. The proposed tunnel to the Arlington Station would be more isolating for elevator users than any of the feasible alternatives at Copley Station.

35.    Regional Administrator Doyle's finding that no feasible alternative exists to locating an elevator entrance to Copley Station on the National Historic Landmark Boston Public Library site is inconsistent with the MBTA's existing and projected technological and automated fare collection system that would allow for a separate entrance away from the National Historic Landmark Boston Public

13

Library, and directly onto the platform below.  Such separate platform entrances

are found in other parts of the MBTA's subway system (in the Central Square

Station, for example) and the MBTA's goals are for future stations to have

unstaffed automated fare collection. The MBTA is planning to augment the

number of unmanned entrances with this new technology thereby eliminating the

reason for placing the elevator on the National Historic Landmark site.

36.     Regional Administrator Doyle's finding that no feasible alternative

exists to covering an existing open stair on the east side of Dartmouth Street,

within the Back Bay Historic District, that will block views and alter the

streetscape within the district is inconsistent with his approval in the same year

(2004) of leaving two existing open stairs and one rerouted stair uncovered for

Arlington Station (the closest MBTA stop to Copley Station)

**COUNT I**
**VIOLATION OF NATIONAL HISTORIC PRESERVATION ACT §106, 16**
**U.S.C. §470f**
**(Defendants FTA and MBTA)**

37.     The plaintiffs incorporate the previous paragraphs into this count.

38.     Section 106 of the National Historic Preservation Act, 16 U.S. C.

§470f, provides, in pertinent part, as follows:

> The head of any Federal agency having direct or indirect jurisdiction
> over a proposed Federal or federally assisted undertaking in any
> State … shall, prior to the approval of the expenditure of any Federal
> funds on the undertaking … take into account the effect of the
> undertaking on any district, site, building, structure, or object that is
> included in or eligible for inclusion in the National Register.  The
> head of any such Federal agency shall afford the Advisory Council
> on Historic Preservation established under part B of this subchapter

a reasonable opportunity to comment with regard to such
undertaking.

39.     The MBTA's proposed new entrance to Copley Station is a federally
assisted undertaking.

40.     Regional Administrator Doyle's failure to identify the Back Bay
Historic District as a district included on the National Register of Historic Places
is arbitrary, capricious, not based upon substantial evidence, an abuse of discretion
and not in accordance with law.

41.     Regional Administrator Doyle wrote a June 23, 2004 letter
identifying the existing inbound headhouse for Copley Station as on the National
Register of Historic Places and describing the work to be done on this headhouse.
This letter is inconsistent with his failure in the FONSI to identify the existing
inbound entrance to Copley Station as a historic object included in the National
Register of Historic Places, a historic object eligible for inclusion in the National
Register of Historic Places or a historic object on the site of the National Historic
Landmark Boston Public Library. It is also inconsistent with the FONSI's failure
to describe or evaluate the removal of this historic object, the work to be done on
this historic object and the latitude allowed for changes to this historic object.
Regional Administrator Doyle has not described or evaluated the effect of the
proposed inbound elevator structure in obstructing the view of the existing historic
inbound headhouse. His determination that the proposed MBTA Copley Station
project will have no adverse effect on historic resources was arbitrary, capricious,

15

not based upon substantial evidence, an abuse of discretion and not in accordance with law.

42.     Regional Administrator Doyle's determination that the construction of a new elevator entrance upon the site of the National Historic Landmark Boston Public Library has no adverse effect on historic resources, but which obstructs the view of that building and adversely affects the historic architectural symmetry of that building and the historic stone plaza and steps, was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

43.     Regional Administrator Doyle's determination that the construction of a new stair/escalator enclosure and a new elevator entrance has no adverse effect on historic resources, but which obstruct the view of the Old South Church, was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

44.     Regional Administrator Doyle's failure to include a determination concerning the construction of a new stair enclosure on the east side of Dartmouth Street that obstruct the views and alters the streetscape within the Back Bay Historic District was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

45.     Regional Administrator Doyle's rejection of alternative designs as neither prudent nor feasible was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

16

## COUNT II
## VIOLATION OF NATIONAL HISTORIC PRESERVATION ACT §110, 16 U.S.C. §470h-2
## (Defendants FTA and MBTA)

46.    The plaintiffs incorporate the previous paragraphs into this count.

47.    Section 110 of the National Historic Preservation Act, 16 U.S. C.

§470h-2(f), provides, in pertinent part, as follows:

> Prior to the approval of any Federal undertaking which may directly
> and adversely affect any National Historic Landmark, the head of the
> responsible Federal agency shall, to the maximum extent possible,
> undertake such planning and actions as may be necessary to
> minimize harm to such landmark, and shall afford the Advisory
> Council on Historic Preservation a reasonable opportunity to
> comment on the undertaking.

48.    The MBTA's Copley Station project directly and adversely affects

the National Historic Landmarks Old South Church and Boston Public Library.

49.    Regional Administrator Doyle's finding that the MBTA's proposed

Copley Station project does not adversely affect historic properties was arbitrary,

capricious, not based upon substantial evidence, an abuse of discretion and not in

accordance with law.

50.    The FTA  did not undertake, to the maximum extent possible, such

planning and actions necessary to minimize harm from the MBTA's proposed

Copley Station project to the National Historic Landmarks Old South Church and

Boston Public Library, and the National Historic Back Bay District.

17

51.     Upon information and belief, the FTA did not afford the Advisory

Council on Historic Preservation a reasonable opportunity to comment on the

MBTA's Copley Station project.

**COUNT III**
**VIOLATION OF DEPARTMENT OF TRANSPORTATION ACT §4(f)**
**(Defendants FTA and MBTA)**

52.     The plaintiffs incorporate the previous paragraphs into this count.

53.     Section 4(f) of the Department of Transportation Act, 49 U.S.C.

§303(c), in pertinent part provides as follows:

> The Secretary may approve a transportation program or project ...
> requiring the use of ... land of an historic site of national, State, or
> local significance (as determined by the Federal, State, or local
> officials having jurisdiction over the ... site) only if –
>
> (1)     there is no prudent and feasible alternative to using that land;
> and
>
> (2)     the program or project includes all possible planning to
> minimize harm to the ... historic site resulting from the use.

54.     The MBTA's proposed project for its Copley Station

> (a)     occupies part of the site of the National Historic Landmark
>
> Boston Public Library
>
> (b)     partially obstructs the view of and adversely affects the
>
> design of the National Historic Landmark Boston Public
>
> Library
>
> (c)     removes the inbound entrance headhouse to the MBTA's
>
> Copley Station, which is part of a National Historic

18

Landmark, included in the National Register of Historic

Places, or eligible for inclusion in the National Register of

Historic Places

(d)     anticipates "rehabilitation" on the historically significant

inbound headhouse to the MBTA's Copley Station in a way

which allows alterations and additions and allows the use of

materials and features different from those used in the

original inbound entrance

(e)     removes portions of and asymmetrically reconfigures the

historic Library plaza and steps which are part of the National

Landmark site

(f)     obstructs the view of the historic inbound entrance headhouse

to the MBTA's Copley Station

(g)     obstructs the view of the National Historic Landmark Old

South Church

(h)     obstructs the views and alters the streetscape within the Back

Bay Historic District

(i)     places architecturally inconsistent enclosures in the Back Bay

Historic District.

55.     Regional Administrator Doyle's finding that the MBTA's proposed

Copley Station project would have no adverse effect on the Old South Church,

Boston Public Library , or the historic inbound entrance headhouse to Copley

Station was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

56. Regional Administrator Doyle's rejection of alternative designs to placing the elevator entrance on the site of National Historic Landmark Boston Public Library as inappropriate and unfeasible was arbitrary, capricious, not based upon substantial evidence, an abuse of discretion and not in accordance with law.

57. Regional Administrator Doyle made no finding on whether the MBTA's proposed Copley Station project would have an adverse effect on the Back Bay Historic District.

58. All possible planning was not done in the MBTA's Copley Station project to minimize harm to historic sites.

59. Regional Administrator Doyle failed to adequately or thoroughly examine all prudent and feasible alternatives that would minimize harm to the historic sites as required by Sec. 4(f)., and such prudent and feasible alternatives exist.

## COUNT IV
## VIOLATION OF MASS. GEN. LAWS C 161A S 5(k)
## (Defendant MBTA)

60. The plaintiffs incorporate the previous paragraphs into this count.

61. Section 5(k) of Mass. Gen Laws 161A, in pertinent part provides as follows:

> The board of directors is hereby...directed to promulgate such rules,
>
> regulations and procedures, including public hearings, as are necessary

20

and appropriate to provide the following parties the timely opportunity

to participate in the development of major transportation projects

designed by the authority, as defined by the directors, and to review and

comment thereon: …(iii) other public and private organizations,

groups, and persons who are affected by, and who have provided the

board with reasonable notice of their desire to participate in the

development of the design of said projects. In this section, the words

"timely opportunity" shall mean sufficiently early in the design process

so as to permit comments to be considered prior to the final

development of or commitment to any specific design for such project.

62.     NABB is a private organization who provided the MBTA with

reasonable notice of its desire to participate in the development of the design of

the Copley Station project.

63.     The MBTA's proposed project for its Copley Station

    a.  is a major transportation project

    b.  was 75% complete and on information and belief may have
       already entered the working drawings phase when presented for
       comment to the NABB and the public

    c.  was not presented sufficiently early in the design process to
       provide any meaningful opportunity for NABB's comments to be
       considered or implemented by the MBTA

    d.  constituted a violation of the MBTA's own enabling legislation

21

## **NEED FOR INJUNCTIVE RELIEF**

64.     The construction of the proposed permanent entrance structures to
Copley Station, modifying the existing historic plaza and steps, removing the
existing inbound entrance headhouse to Copley Station and the rehabilitation of
that headhouse in a way which allows alterations and additions and allows the use
of materials and features different from those used in the original inbound
entrance, will cause irreparable harm to plaintiffs NABB and the BPA and their
members.

65.     The injury caused by the construction of the proposed permanent
entrance structures in the Back Bay Historic District and on the site of a National
Historic Landmark, blocking views of National Historic Landmarks and blocking
views of the historic inbound entrance headhouse will outweigh the harm to any
defendant if injunctive relief is granted.

66.     An injunction serves the public interest by protecting the National
Historic Landmark Boston Public Library, by protecting the historic inbound
entrance headhouse to Copley Station, by protecting the historic stone plaza of the
Library, by protecting the views of and design of the National Historic Landmark
Boston Public Library, by protecting the views of the National Historic Landmark
Old South Church and by protecting views and streetscapes of the Back Bay
Historic District.

Wherefore the plaintiffs demand

(1)     that the District Court set aside the FTA Regional Administrator's
        December 30, 2004 Finding of No Significant Impact in the MBTA's
        proposed construction for Copley Station and declare it unlawful and
        invalid;

(2)     that preliminary and final injunctions be issued prohibiting the FTA from
        disbursing federal funds to the MBTA for use in

        (a)     construction on the site of the National Historic Landmark Boston
                Public Library;

        (b)     construction obstructing the view of and adversely affecting the
                design of the National Historic Landmark Boston Public Library;

        (c)     construction obstructing the view of National Historic Landmark
                Old South Church;

        (d)     the removal of the existing headhouse at the inbound entrance to
                Copley Station;

        (e)     alterations or modifications to the existing headhouse at the inbound
                entrance to Copley Station;

        (f)     alterations or modifications to the existing stone plaza and steps at
                the inbound entrance to Copley Station;

        (g)     construction obstructing the view of the existing headhouse at the
                inbound entrance to Copley Station;

(h) construction unnecessarily obstructing the views and altering the streetscape within the Back Bay Historic District.

(3) that a preliminary and final injunction be issued prohibiting the MBTA from accepting or using any federal funds for use in

 (a) construction on the site of the National Historic Landmark Boston Public Library;

 (b) construction obstructing the view and adversely affecting the design of the National Historic Landmark Boston Public Library;

 (c) construction obstructing the view of National Historic Landmark Old South Church;

 (d) the removal of the existing headhouse at the inbound entrance to Copley Station;

 (e) alterations or modifications to the existing headhouse at the inbound entrance to Copley Station;

 (f) alterations or modifications to the existing stone plaza and steps at the inbound entrance to Copley Station;

 (g) construction obstructing the view of the existing headhouse at the inbound entrance to Copley Station;

 (h) construction unnecessarily obstructing the views and altering the streetscape within the Back Bay Historic District.

(4) that the Court award costs to the plaintiffs including attorney fees

(5) that the Court order such other relief as it deems just.

Respectfully submitted,
The Plaintiffs,
Neighborhood Association of the Back
Bay, Inc. and The Boston Preservation
Alliance, Inc.
By their attorney,

John Devereaux

John R. Devereaux Esq., BBO# 122200
Neighborhood Association of the
Back Bay, Inc
337 Newbury Street
Boston, Massachusetts 02115
(617) 267-0377

Laurence Hardoon

Laurence E. Hardoon, Esq., BBO# 221360
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: July 6, 2005

"Exhibit A"

prev. editions in Research

# NATIONAL
## of Historic Places 1966 to 1994
# REGISTER

*Cumulative List Through January 1, 1994*

**National Park Service**
*Washington, D.C.*

**The Preservation Press**
**National Trust for Historic Preservation**
*Washington, D.C.*

**National Conference of State**
**Historic Preservation Officers**
*Washington, D.C.*

## Plymouth County—Continued

Standish, Alexander, House, 341 Standish St., Duxbury vicinity, 7/12/78, A, 78001407

Gibson House, Hanover St., Hanover, 9/07/79, A, C, 79000366

Tack Factory, The, SW of Norwell at 49 Tiffany Rd., Norwell vicinity, 12/03/80, A, 80000472

Telegraph Hill, Address Restricted, Hull, 7/12/76, A, D, 76000953

Tilden Roundhouse, 1 Fairhaven Rd., Mattapoisett, 1/02/76, C, a, 76000956

Thomas—Webster Estate, 238 Webster St., Marshfield, 4/05/93, B, C, 93000206

Thumb, Tom, House, 351 Plymouth St., Middleborough, 4/16/93, B, C, 93000298

Tobey Homestead, Main St. and Sandwich Rd., Wareham, 6/05/86, B, C, 86001219

Town Hall, Bedford St., Lakeville, 10/22/76, A, C, 76000955

Tremont Nail Factory District, 21 Elm St., Wareham, 10/22/76, C, 76001964

US Post Office-Middleborough Main, 90 Center St., Middleborough, 10/19/87, A, C, 87001774

Wampanoag Royal Cemetery, Address Restricted, Middleboro vicinity, 11/11/75, D, d, 75001625

Wampanucket Site, Address Restricted, Middleboro vicinity, 6/04/73, D, d, 73001596

Washburn, C.P., Grain Mill, Central and Cambridge Sts., Middleboro, 4/08/80, A, C, 80000667

Webster, Daniel, Law Office and Library, Careswell and Webster Sts., Marshfield, 5/30/74, B, b, NHL, 74002053

## Suffolk County

Abbotsford, 300 Walnut Ave., Boston, 9/16/87, C, B 87000885

Adams-Nervine Asylum, 990-1020 Centre St., Boston, 6/01/82, A, C, 82004456

African Meeting House, 8 Smith St., Boston, 10/07/71, A, C, a, NHL, NPS, 71000087

All Saints' Church, 211 Ashmont St., Boston, 6/16/80, C, a, 80000678

Ames Building, 1 Court St., Boston, 4/26/74, C, 74000382

Appleton, Nathan, Residence, 39-40 Beacon St., Boston, 12/22/77, B, NHL, 77001541

Arlington Street Church, Arlington and Boylston Sts., Boston, 5/04/73, A, C, a, 73000313

Armory of the First Corps of Cadets, 97-105 Arlington St. and 130 Columbus Ave., Boston, 5/22/73, A, C, 73000314

Arnold Arboretum, 22 Divinity Ave., Boston, 10/15/66, B, NHL, 66000127

Austin, Francis B., House, 58 High St., Boston, 10/21/88, C, 87001478

Back Bay Historic District, Roughly bounded by the Charles River, Arlington, Providence, Boylston and Newbury Sts., and Charlesgate East, Boston, 8/14/73, A, C, D, a, 73001948

Baker, Sarah J., School, 33 Perrin St., Boston, 7/08/83, A, C, 83000439

Beach-Knapp District [Boston Theatre MRA], Roughly bounded by Harrison Ave., Washington, Kneeland, and Beach Sts., Boston, 12/09/80, A, C, 80000462

Beacon Hill Historic District, Bounded by Beacon St., the Charles River Embankment, and Pinckney, Revere, and Hancock Sts., Boston, 10/15/66, B, C, NHL, 66000130

Bedford Building, 89-103 Bedford St., Boston, 8/21/79, C, 79000368

Bellevue Standpipe [Water Supply System of Metropolitan Boston MPS], On Bellevue Hill at Washington St. and Roxbury Pkwy., Boston, 1/18/90, C, 89002251

Bellingham Square Historic District, Roughly bounded by Broadway, Shawmut, Chestnut, and Shurtleff Sts., Chelsea, 1/03/85, A, B, C, 85000030

Bellingham-Cary House, 34 Parker St., Chelsea, 9/06/74, B, C, 74000908

Berger Factory, 37 Williams St., Boston, 4/09/80, A, C, 80000677

Bigelow School, 350 W. 4th St., Boston, 2/21/85, C, 85000316

Blackstone Block Historic District, Area bound by Union, Hanover, Blackstone, and North Sts., Boston, 5/26/73, A, C, 73000315

Blake, James, House, 735 Columbia Rd., Boston, 5/01/74, C, b, 74002350

Boston African American National Historic Site, Museum of Afro American History, Dudley Station, Box 5, Boston, 10/10/80, A, C, a, f, NPS, 80004396

Boston Athenaeum, 10 1/2 Beacon St., Boston, 10/15/66, A, NHL, 66000132

Boston Common, Beacon, Park, Tremont, Boylston, and Charles St., Boston, 2/27/87, A, NHL, 87000760

Boston Common and Public Garden, Beacon, Park, Tremont, Boylston, and Arlington Sts., Boston, 7/12/72, A, C, 72000144

Boston Edison Electric Illuminating Company [Boston Theatre MRA], 25-39 Boylston St., Boston, 12/09/80, A, C, 80000453

Boston Harbor Islands Archeological District, Address Restricted, Boston vicinity, 12/21/85, D, 85003323

Boston Light [Lighthouses of Massachusetts TR (AD)], Little Brewster Island, Boston Harbor, Boston, 10/15/66, A, C, NHL, 66000133

Boston National Historical Park, Inner harbor at mouth of Charles River, Boston, 10/26/74, A, C, a, f, NPS, 74002222

Boston Naval Shipyard, E of Chelsea St., Charlestown, Boston, 11/15/66, A, C, D, g, NHL, NPS, 66000134

Boston Public Garden, Beacon, Charles, Boylston, and Arlington Sts., Boston, 2/27/87, A, NHL, 87000761

Boston Public Library, Copley Sq., Boston, 5/06/73, A, C, g, NHL, 73000317

Boston Young Men's Christian Union [Boston Theatre MRA], 48 Boylston St., Boston, 12/09/80, A, C, 80000451

Bowditch School, 80-82 Greene St., Boston, 2/28/86, A, C, 86000117

Boylston Building [Boston Theatre MRA], 2-22 Boylston St., Boston, 12/09/80, A, C, 80000450

Brook Farm, 670 Baker St., Boston, 10/15/66, A, B, d, NHL, 66000141

Building at 138-142 Portland Street, 138-142 Portland St., Boston, 9/05/85, A, C, 85002015

Bulfinch Triangle Historic District, Roughly bounded by Canal, Market, Merrimac, and Causeway Sts., Boston, 2/27/86, A, C, 86000274

Bunker Hill Monument, Breed's Hill, Boston, 10/15/66, A, f, NHL, NPS, 66000138

Bunker Hill School, 65 Baldwin St., Boston, 10/15/87, A, C, 87001771

Calf Pasture Pumping Station Complex, 435 Mount Vernon St., Boston, 8/02/90, A, C, 90001095

Charles Playhouse, 74-78 Warenton St., Boston, 6/16/80, A, C, a, 80000676

Charles Street African Methodist Episcopal Church, 551 Warren St., Boston, 9/01/83, A, C, a, g, 83000601

Chelsea Square Historic District, Broadway, Medford, Tremont, Winnisimmett, Cross, Park and Beacon Sts., Chelsea, 4/08/82, A, C, 82004461

Chestnut Hill Reservoir Historic District [Water Supply System of Metropolitan Boston MPS], Beacon St. and Commonwealth Ave., Boston, 1/18/90, A, C, 89002271

Christ Church, 1220 River Rd., Boston, 1/30/86, C, a, 86000140

Church of Christ, 265 Beech St., Revere, 11/13/84, C, a, 84000430

Clapp Houses, 199 and 195 Boston St., Boston, 5/02/74, B, C, b, 74000911

Codman Building, 55 Kilby St., Boston, 10/19/83, C, 83004097

Codman Square District, Norfolk, Talbot, Epping, Lithgow, Centre, and Moultrie Sts., Boston, 6/23/83, A, C, 83000602

Congregation Agudath Shalom, 145 Walnut St., Chelsea, 4/16/93, A, C, a, 93000283

Congress Street Fire Station, 344 Congress St., Boston, 9/03/87, A, C, 87001396

Copp's Hill Burial Ground, Charter, Snowhill, and Hull Sts., Boston, 4/18/74, A, C, d, 74000385

Copp's Hill Terrace, Between Commercial and Charter Sts. W of Jackson Place, Boston, 4/19/90, A, C, 90000631

Crowninshield House, 164 Marlborough St., Boston, 2/23/72, C, 72000145

Customhouse District, Between J.F.K. Expwy. and Kirby St. and S. Market and High Sts., Boston, 5/11/73, A, C, 73000321

Cyclorama Building, 543-547 Tremont St., Boston, 4/13/73, A, C, 73000318

Dill Building [Boston Theatre MRA], 11-25 Stuart St., Boston, 12/09/80, A, C, 80000448

Dillaway School, 16-20 Kenilworth St., Boston, 4/09/80, A, C, 80001683

Dimock Community Health Center Complex, 41 and 55 Dimock St., Boston, 2/21/85, A, B, C, NHL, 85000037

District 13 Police Station, 28 Seaverns Ave., Boston, 3/10/86, C, 87000549

American Citizen Club House, See House

## Suffolk County—Continued

Dorchester Heights National Historic Site, South Boston, Boston, 10/15/66, A, B, C, f, NPS, 66000050

Dorchester North Burying Ground, Stroughton St. and Columbia Rd., Boston, 4/18/74, A, C, d, 74000915

Dorchester Pottery Works, 101-105 Victory Rd., Boston, 2/21/85, A, C, D, 85000318

Dorchester-Milton Lower Mills Industrial District, Both sides of Neponset River, Boston, 4/02/80, A, C, 80000675

Downtown Chelsea Residential Historic District, Roughly bounded by Shurtleff, Marginal, and Division Sts. and Bellingham Sq., Chelsea, 6/22/88, A, C, 88000718

Dudley Station Historic District, Washington, Warren, and Dudley Sts., Boston, 12/05/85, A, C, 85003074

Eliot Burying Ground, Eustis and Washington Sts., Boston, 6/25/74, A, C, d, 74000388

Eliot Hall, 7A Eliot St., Boston, 7/15/88, A, C, 88000959

Engine House No. 34, 444 Western Ave., Boston, 10/24/85, A, C, 85003375

Ether Dome, Massachusetts General Hospital, Fruit St., Boston, 10/15/66, A, NHL, 66000366

Faneuil Hall, Dock Sq., Boston, 10/15/66, A, C, NHL, NPS, 66000368

Fenway Studios Building, 30 Ipswich St., Boston, 9/13/78, C, 78000473

Fenway-Boylston Street District, Fenway, Boylston, Westland, and Hemenway Sts., Boston, 9/04/84, C, 84002875

Fields Corner Municipal Building, 1 Arcadia St., 195 Adams St., Boston, 11/12/81, A, C, 81000620

Filene's Department Store, 426 Washington St., Boston, 7/24/86, A, C, 86001909

First Baptist Church, Commonwealth Ave. and Clarendon St., Boston, 2/23/72, C, a, 72000146

First Church of Jamaica Plain, 6 Eliot St., Boston, 7/15/88, A, C, a, d, 88000955

Fort Independence, Castle Island, Boston, 10/15/70, A, 70000921

Fort Warren, Georges Island, Boston Harbor, Boston vicinity, 8/29/70, A, C, NHL, 70000540

Fulton-Commercial Streets District, Fulton, Commercial, Mercantile, Lewis, and Richmond Sts., Boston, 3/21/73, A, C, 73000319

Gardner, Isabella Stewart, Museum, 280 The Fenway, Boston, 1/27/83, A, B, C, 83000603

Garrison, William Lloyd, House, 125 Highland St., Boston, 10/15/66, B, NHL, 66000653

Garrison, William Lloyd, School, 20 Hutchings St., Boston, 4/16/80, A, C, 80000674

Goodwin, Ozias, House, 7 Jackson Ave., Boston, 6/23/88, A, C, 88000908

Greek Orthodox Cathedral of New England, 520 Parker St., Boston, 6/30/88, A, C, a, 88000957

Haffenreffer Brewery, Germania St., Boston, 5/02/82, A, C, 82004453

Hale, Edward Everett, House, 12 Morley St., Boston, 3/21/79, B, C, b, 73000325

Harding, Chester, House, 16 Beacon St., Boston, 10/15/66, B, NHL, 66000764

Harriswood Crescent, 60–88 Harold St., Boston, 3/13/86, A, C, 86000375

Harvard Avenue Fire Station, 16 Harvard Ave., Boston, 3/31/83, C, 83000605

Harvard Stadium, 60 N. Harvard St., Boston, 2/27/87, A, C, NHL, 87000757

Hayden Building [Boston Theatre MRA], 681-683 Washington St., Boston, 12/09/80, A, C, 80000446

Headquarters House, 55 Beacon St., Boston, 10/15/66, B, NHL, 66000765

Hoosac Stores 1 & 2-Hoosac Stores 3, 25 and 115 Water St., Charlestown, 8/14/85, A, C, NPS, 85002339

House at 17 Cranston Street, 17 Cranston St., Boston, 11/20/87, C, 87001398

Howe, Samuel Gridley and Julia Ward, House, 13 Chestnut St., Boston, 9/13/74, B, C, NHL, 74002044

Hoxie, Timothy, House, 135 Hillside St., Boston, 11/20/87, C, b, 87001399

International Trust Company Building, 39-47 Milk St., Boston, 9/10/79, A, C, 79000369

John Eliot Square District, John Eliot Sq., Boston, 4/23/73, A, C, a, 73000854

Kimball, C. Henry, House, 295 Washington St., Chelsea, 4/15/82, B, C, 82004464

King's Chapel, Tremont and School Sts., Boston, 5/02/74, C, a, NHL, 74002045

Kittredge, Alvah, House, 12 Linwood St., Boston, 5/08/73, B, C, b, 73000855

LUNA (tugboat), NDC Pier, Charles River, Boston, 10/06/83, A, C, g, NHL, 83004099

Lawrence Model Lodging Houses, 79, 89, 99 and 109 E. Canton St., Boston, 9/22/83, A, C, 83000606

Leather District, Roughly bounded by Atlantic Ave., Kneeland, Lincoln, and Essex Sts., Boston, 12/21/83, A, C, 83004098

Liberty Tree District [Boston Theatre MRA], Roughly bounded by Harrison Ave., Washington, Essex and Beach Sts., Boston, 12/09/80, A, C, 80000460

Locke—Ober Restaurant, 3–4 Winter Pl., Boston, 7/24/86, A, C, 86001911

Long Island Head Light [Lighthouses of Massachusetts TR], Long Island, Boston, 6/15/87, A, C, 87001481

Long Wharf and Customhouse Block, Foot of State St., Boston, 11/13/66, A, NHL, 66000768

Loring, Harrison, House, 789 E. Broadway St., Boston, 9/01/83, A, C, 83000604

Loring-Greenough House, 12 South St., Boston, 4/26/72, A, B, C, 72000544

Massachusetts General Hospital, Fruit Street, Boston, 12/30/70, A, C, NHL, 70000682

Massachusetts Historical Society Building, 1154 Boylston St., Boston, 10/15/66, A, NHL, 66000770

Massachusetts School of Art, 364 Brookline Ave., Boston, 8/03/89, A, C, 89000974

Massachusetts Statehouse, Beacon Hill, Boston, 10/15/66, C, NHL, 66000771

McKay, Donald, House, 78-80 White 6/02/82, B, C, 82004450

Metropolitan Theatre [Boston Theatre 272 Tremont St., Boston, 12/09 80000445

Mission Hill Triangle Historic District bounded by Smith St., Worthington mont St., and Huntington Ave 11/06/89, A, C, 89001747

Monument Square Historic District, M Sq., Boston, 6/02/87, A, B, C, 87001128

Monument Square Historic District bounded by Jamaicaway, Pond, Cen iot Sts., Boston, 10/11/90, A, C, 90001

Moreland Street Historic District bounded by Kearsarge, Blue Hill ren, Waverly, and Winthrop's St 3/29/84, A, B, C, 84002890

Mount Pleasant Historic District bounded by Forest St. and Mou Ave., Boston, 2/09/89, A, C, 890000

Naval Hospital Boston Historic District way, Chelsea, 8/14/73, A, 7300085

Nell, William C., House, 3 Smith C 5/11/76, B, NHL, 76001979

New England Conservatory of Music tington Ave., Boston, 5/14/80, A, C

New Riding Club, 52 Hemenway 8/20/87, A, C, 87001394

Newspaper Row, 322-328 Washing Milk St., and 11 Hawley St., Boston C, 83000607

Oak Square School, 35 Nonantum 11/10/80, C, 80000465

Old City Hall, School and Providence 12/30/70, C, NHL, 70000687

Old Corner Bookstore, NW corner of and School Sts., Boston, 4/11/73, A,

Old North Church, 193 Salem 10/15/66, A, C, a, NHL, NPS, 66000

Old South Church in Boston, 645 Boston, 12/30/70, C, a, NHL, 700006

Old South Meetinghouse, Milk and W Sts., Boston, 10/15/66, A, C, a, 66000778

Old Statehouse, Washington and State ton, 10/15/66, A, C, NHL, NPS, 6600

Old West Church, 131 Cambridge 12/30/70, C, a, NHL, 70000691

Otis, (First) Harrison Gray, House, 141 St., Boston, 12/30/70, C, NHL, 70000

Otis, (Second) Harrison Gray, House non St., Boston, 7/27/73, C, 73001

Park Street District, Tremont, Park, Sts., Boston, 5/01/74, A, C, a, d, 740

Parkman, Francis, House, 50 Chestnut 10/15/66, B, NHL, 66000782

Phipps Street Burying Ground, Phipps 5/14/74, A, B, C, d, f, 74000907

Piano Row District [Boston Theatre ton Common, Park Sq., Boylston 'mont St., Boston, 12/09/80, A, C, 800

Pierce House, 24 Oakton Ave., Boston C, 74000917

Pierce-Hichborn House, 29 North 11/24/68, C, NHL, 68000042

# NATIONAL HISTORIC LANDMARKS SURVEY

NATIONAL PARK SERVICE
1849 C Street, N.W. Room NC-400
Washington, DC 20240

## LISTING OF NATIONAL HISTORIC LANDMARKS BY STATE

### MASSACHUSETTS (180)

ADAMS ACADEMY ........................................................................................................04/19/94
   QUINCY, NORFOLK COUNTY, MASSACHUSETTS
ADAMS, JOHN QUINCY, BIRTHPLACE........................................................................12/19/60
   QUINCY, NORFOLK COUNTY, MASSACHUSETTS
ADAMS, JOHN, BIRTHPLACE..........................................................................................12/19/60
   QUINCY, NORFOLK COUNTY, MASSACHUSETTS
ADVENTURE.....................................................................................................................04/19/94
   GLOUCESTER, ESSEX COUNTY, MASSACHUSETTS
AFRICAN MEETING HOUSE:.........................................................................................05/30/74
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
AMERICAN ANTIQUARIAN SOCIETY .........................................................................11/24/68
   WORCESTER, WORCESTER COUNTY, MASSACHUSETTS
APPLETON, NATHAN, RESIDENCE................................................................................12/22/77
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
ARNOLD ARBORETUM ...................................................................................................01/12/65
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
ARROWHEAD (Herman Melville House) ........................................................................12/29/62
   PITTSFIELD, BERKSHIRE COUNTY, MASSACHUSETTS
AYER, FREDERICK, MANSION .......................................................................................04/05/05
   BOSTON, SUFFOLK, MASSACHUSETTS
BALDWIN, MARIA, HOUSE .............................................................................................05/11/76
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
BEACON HILL HISTORIC DISTRICT .............................................................................12/19/62
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BEAUPORT.......................................................................................................................05/27/03
   GLOUCESTER, ESSEX COUNTY, MASSACHUSETTS
BELLAMY, EDWARD, HOUSE ........................................................................................11/11/71
   CHICOPEE FALLS, HAMPDEN COUNTY, MASSACHUSETTS
BIRKHOFF, GEORGE D., HOUSE ..................................................................................01/15/75
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
BLUE HILL METEOROLOGICAL OBSERVATORY .......................................................12/20/89
   EAST MILTON, NORFOLK COUNTY, MASSACHUSETTS
BOARDMAN HOUSE ........................................................................................................11/05/61
   SAUGUS, ESSEX COUNTY, MASSACHUSETTS
BOSTON ATHENAEUM .....................................................................................................12/21/65
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON COMMON..........................................................................................................02/27/87
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON LIGHT ................................................................................................................01/29/64
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON MANUFACTURING COMPANY.........................................................................12/22/77
   WALTHAM, MIDDLESEX COUNTY, MASSACHUSETTS
BOSTON NAVAL SHIPYARD ...........................................................................................11/13/66
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON PUBLIC GARDENS...........................................................................................02/27/87
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOSTON PUBLIC LIBRARY .............................................................................................02/24/86
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
BOWDITCH, NATHANIEL, HOME ....................................................................................01/12/65
   SALEM, ESSEX COUNTY, MASSACHUSETTS
BRANDEIS, LOUIS, HOUSE .............................................................................................11/28/72
   CHATHAM, BARNSTABLE COUNTY, MASSACHUSETTS
BRIDGMAN, PERCY W., HOUSE......................................................................................05/15/75
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
BROOK FARM.....................................................................................................................07/23/65
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS

LONG WHARF AND CUSTOM HOUSE BLOCK...........................................................................11/13/66
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
LONGFELLOW HOUSE...........................................................................................................12/29/62
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
LOWELL LOCKS AND CANALS HISTORIC DISTRICT................................................................12/22/77
   LOWELL, MIDDLESEX COUNTY, MASSACHUSETTS
LOWELL'S BOAT SHOP..........................................................................................................06/21/90
   AMESBURY, ESSEX COUNTY, MASSACHUSETTS
LUNA....................................................................................................................................04/11/89
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
MASSACHUSETTS (USS)........................................................................................................01/14/86
   FALL RIVER, BRISTOL COUNTY, MASSACHUSETTS
MASSACHUSETTS GENERAL HOSPITAL.................................................................................12/30/70
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
MASSACHUSETTS HALL, HARVARD UNIVERSITY....................................................................10/09/60
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
MASSACHUSETTS HISTORICAL SOCIETY BUILDING...............................................................12/21/65
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
MASSACHUSETTS STATEHOUSE............................................................................................12/19/60
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
MEMORIAL HALL, HARVARD UNIVERSITY...............................................................................12/30/70
   CAMBRIDGE, MIDDLESEX COUNTY, MASSACHUSETTS
MINOT, GEORGE R., HOUSE..................................................................................................01/07/76
   BROOKLINE, NORFOLK COUNTY, MASSACHUSETTS
MISSION HOUSE...................................................................................................................11/24/68
   STOCKBRIDGE, BERKSHIRE COUNTY, MASSACHUSETTS
MOUNT, THE (Edith Wharton Estate).......................................................................................11/11/71
   BERKSHIRE COUNTY, MASSACHUSETTS
MOUNT AUBURN CEMETERY..................................................................................................05/27/03
   WATERTOWN, MIDDLESEX COUNTY, MASSACHUSETTS
NANTUCKET HISTORIC DISTRICT..........................................................................................11/13/66
   NANTUCKET COUNTY, MASSACHUSETTS
NAUSET ARCHEOLOGICAL DISTRICT.....................................................................................04/19/93
   CAPE COD NATIONAL SEASHORE, EASTHAM COUNTY, MASSACHUSETTS
NELL, WILLIAM C., RESIDENCE..............................................................................................05/11/76
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
NEW BEDFORD HISTORIC DISTRICT......................................................................................11/13/66
   NEW BEDFORD, BRISTOL COUNTY, MASSACHUSETTS
NEW ENGLAND CONSERVATORY OF MUSIC............................................................................04/19/94
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
NEW ENGLAND HOSPITAL FOR WOMEN AND CHILDREN..........................................................07/17/91
   ROXBURY, SUFFOLK COUNTY, MASSACHUSETTS
NORFOLK COUNTY COURTHOUSE.........................................................................................11/28/72
   DEDHAM, NORFOLK COUNTY, MASSACHUSETTS
OLD CITY HALL (BOSTON).....................................................................................................12/30/70
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD DEERFIELD HISTORIC DISTRICT.....................................................................................10/09/60
   DEERFIELD, FRANKLIN COUNTY, MASSACHUSETTS
OLD MANSE..........................................................................................................................12/29/62
   CONCORD, MIDDLESEX COUNTY, MASSACHUSETTS
OLD NORTH CHURCH............................................................................................................01/20/61
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD SHIP MEETINGHOUSE....................................................................................................10/09/60
   HINGHAM, PLYMOUTH COUNTY, MASSACHUSETTS
OLD SOUTH CHURCH IN BOSTON..........................................................................................12/30/70
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD SOUTH MEETING HOUSE................................................................................................10/09/60
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD STATE HOUSE................................................................................................................10/09/60
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLD WEST CHURCH..............................................................................................................12/30/70
   BOSTON, SUFFOLK COUNTY, MASSACHUSETTS
OLMSTED, FREDERICK LAW, HOUSE......................................................................................05/23/63
   BROOKLINE, NORFOLK COUNTY, MASSACHUSETTS
ORCHARD HOUSE.................................................................................................................12/29/62
   CONCORD, MIDDLESEX COUNTY, MASSACHUSETTS
PAINE, ROBERT TREAT, HOUSE.............................................................................................06/30/89
   WALTHAM, MIDDLESEX COUNTY, MASSACHUSETTS

# NABB



## What is NABB?

**Select**

Home

**What is NABB**

Join NABB

Current News Letters

Committees

Friends and Neighbors Activities

Resources for Residents

History of Back Bay

Links

Contact Us

Site Map

NABB's purpose, as expressed in its Articles of Organization, is to "...combat community deterioration, to preserve and protect the architectural beauty of the Back Bay, and to further Back Bay's residential character." (Click on NABB History)

NABB is a non-profit, charitable organization with a current membership of approximately 2,500. A 50-member Board of Directors, and an 13-member Executive Committee govern NABB. (Click on Officers and Directors)

The bulk of NABB's work is performed by a roster of 16 standing committees, covering virtually every neighborhood issue from Architectural preservation to Zoning enforcement. (Click on Committees)

NABB's Friends and Neighbors activities join neighbors who share common interests. Currently thre are over 20 active Friends and Neighbors groups. (Click on Friends and Neighbors.)

About half of NABB's annual income is derived from membership dues, currently $45 per year for individuals and $60 for families. Corporate memberships are also available. (Click on Join NABB) Most of NABB's remaining income is from special events and fundraising efforts held throughout the year.

NABB's office is located at 337 Newbury Street and is staffed by a full-time office administrator. Telephone is (617) 247-3961. Fax is (617) 247-3387. E-mail is nabbinc@verizon.net , or click on Contact Us. Information about special events is available by calling (617) 859-RSVP (7787).

The boundaries of the Back Bay, as defined by NABB's Articles of Organization, are the Charles River on the North; Arlington Street to Park Square on the East; Columbus Avenue to the New York New Haven and Hartford right-of-way (South of Stuart Street and Copley Place), Huntington Avenue, Dalton Street, and the Mass. Turnpike on the South; and Charlesgate East on the West.

**= BACK BAY ARCHITECTURAL DISTRICT**



——— = NABB Boundaries

*"Exhibit D"*



# The Boston Preservation Alliance

⊢ online ⊢

**Greenvale Vineyards
Our Wine of Choice**





A non-profit preservation organization founded in 1978, the Boston Preservation Alliance provides advocacy, leadership, and education to preserve Boston's historic places.

The Alliance believes Boston's architectural heritage is a national treasure, contributing to the quality of life for Boston's residents and visitors as well as to the economic health of the city. While committed to preserving the best of Boston's historic built environment, the Alliance recognizes the importance of growth and development to a vibrant economy and advocates for a harmonious balance between the old and new.

The BPA believes that Boston's distinct architectural heritage is a national treasure, which contributes greatly to the economy of the city and the quality of life for its residents and visitors.

With more than 50 organizations and hundreds of individuals as members, the Alliance provides a respected voice for preservation in the city of Boston.

<u>Join the Alliance and support:</u>

Early warning and planning initiatives, including advocacy alerts, special roundtables and economic feasibility analyses affecting Boston's historic buildings, communities and landscapes

Public education through special events, tours, news updates, and press releases

Shaping public policy by offering and commenting on legislation, planning efforts and administrative practices

Technical assistance to neighborhood and civic groups in developing preservation strategies

For more information, please contact us at:

The Boston Preservation Alliance
Old City Hall
45 School Street
Boston, MA 02108
(617) 367-2458

*"Exhibit E"*



U.S. Department
of Transportation
**Federal Transit
Administration**

REGION I
Connecticut, Maine,
Massachusetts,
New Hampshire,
Rhode Island, Vermont

Volpe Center
55 Broadway Suite 920
Cambridge, MA 02142-1093
617-494-2055
617-494-2865 (fax)

**DEC 3 0 2004**

Mr. Michael H. Mulhern
General Manager
Massachusetts Bay Transportation Authority
Ten Park Plaza
Boston, MA 02116

Re: **Copley Station Environmental Assessment
    Finding of No Significant Impact**

Dear Mr. Mulhern:

Based upon a review of the environmental documentation, the Federal Transit Administration
(FTA) has issued a Finding of No Significant Impact (FONSI) for the Copley Station Light Rail
Accessibility Improvement Project. The purpose of this project is to make the station compliant
with the American's with Disabilities Act (ADA) of 1990 through the construction of a safe,
barrier-free pedestrian access to the station and platforms.

Please be advised that in accordance with 23 CFR 771.121, the Massachusetts Bay Transportation
Authority (MBTA) is required to transmit a notice of availability of this FONSI to all affected
Federal, state and local governmental entities. In addition, under Section 106 of the National
Historic Preservation Act, the FTA has determined that this project will have no adverse effect on
historic resources. Furthermore, FTA has determined that there is no prudent and feasible
alternative to the use of Section 4(f) property (Boston Public Library, a National Historic
Landmark) and that the action includes all possible planning to minimize harm. Moreover, FTA
determined there would be no Section 4(f) use of the Old South Church, a National Historic
Landmark because compliance with Section 106 for proximity impacts resulted in a finding of "no
adverse effect." (23 CFR 771.135(p)(5))

Please let me know if you have any questions regarding this matter. The FTA looks forward to
continuing to work with the MBTA on this important transit improvement.

Sincerely,

Richard H. Doyle
Regional Administrator

Attachment

# FEDERAL TRANSIT ADMINISTRATION
# REGION I

## Finding of No Significant Impact

**Project: Copley Station Accessibility Improvement**

**Applicant: Massachusetts Bay Transportation Authority (MBTA)**

**Project Location: Boston, Massachusetts**

### Purpose and Need
The Americans with Disabilities Act (ADA) of 1990 requires public transit agencies to identify key stations and develop a plan to implement accessibility improvements at these stations. The Copley Station has been determined to be a key station based on ADA criteria. The primary purpose of this project is to make the station compliant with the ADA.

### Alternatives Considered
Since the existing station has no accessible entrance, the No Build alternative does not meet the project purpose and need to make the station compliant with the ADA.

Beyond the No Build Alternative, the MBTA identified several options for locating elevators at Copley Station (originally identified in the 1995 Schematic Design Report for the MBTA's Light Rail Accessibility Program). The MBTA conducted an alternative analysis to assess the impacts of the project against the transportation, construction, accessibility, operational and pedestrian/customer needs of the station. The consideration of alternatives is further limited by the ADA's requirement that the accessible route and entrance shall, to the maximum extent practicable, coincide with the circulation path of the general public (ADA – 49 CFR Part 37, Appendix A sections 10.3.1 and 10.3.2).

### Proposed Project
The primary purpose of the Copley Station accessibility project is to meet the federally mandated key station plan objectives of accessibility to individuals with disabilities. Making this station accessible will require new work or renovations at surface and platform levels. At the surface level, new elevators to gain entry to the inbound (Boston Public Library) and outbound (Old South Church) platforms will provide access from the street to the fare mezzanine.

Other accessibility improvements include raising the entire platforms to 8 inches above top-of-rail to allow individuals in wheelchairs to enter the new low-floor trains and installation of a public address system with LED signs. New lighting, accessible fare collection, emergency exit stairs and a new electrical service from Arlington Station are also included.

### Agency Coordination and Public Opportunity to Comment

The MBTA has involved a number of agencies, local officials and the public in the planning and design of the Copley Station project. The EA was made available to the public on June 28, 2004 with the comment period closing on July 28, 2004. A public hearing was held on July 15, 2004.

Page 2

## Determinations and Findings
National Environmental Policy Act (NEPA) Finding

FTA served as the lead agency under NEPA for the project. The MBTA prepared an Environmental Assessment (EA) in compliance with NEPA, 42 U.S.C. 4321 et. seq. and with FTA's regulations, 23 CFR Part 771. The EA analyzes and describes the project's potential significant impacts.

After reviewing the EA and supporting documents and public comments, the FTA finds under 23 CFR 771.121 that the proposed project will have no significant adverse impacts on the environment. The record provides sufficient evidence and analysis for determining that an Environmental Impact Statement (EIS) is not required.

### Section 106 Compliance
Section 106 of the National Historic Preservation Act requires the review of federally assisted projects for impacts to districts, sites, buildings, structures and objects listed in, or eligible for inclusion in the National Register of Historic Places. Federal agencies must coordinate with the State Historic Preservation Officer (SHPO) and potentially affected Tribes to make this determination. The Advisory Council on Historic Preservation (ACHP) has established procedures for the protection of historic and cultural properties in, or eligible for the National Register (36 CFR Part 800).

The project site is immediately adjacent to the Old South Church and the Boston Public Library, National Historic Landmarks. In preparation of a Section 106 determination the FTA and the MBTA coordinated with the Massachusetts Historical Commission (MHC) and the Boston Landmarks Commission (BLC) to ensure the surface elements of the Copley Station accessibility improvements are compatible with these historic structures.

Based on this consultation and analysis prepared by the MBTA, the FTA submitted a determination of effect to the SHPO on January 23, 2004. On January 29, 2004 the MHC concurred with FTA's determination that the proposed project will have no adverse effect on historic resources.

### Section 4(f) Findings
According to Section 4(f) of the Department of Transportation Act of 1966, codified as 49 U.S.C. 303, the Secretary of Transportation may not approve the use of land from a significant publicly owned public park, recreation area, or wildlife and waterfowl refuge or any significant historic site unless a determination is made that: there is no feasible and prudent alternative to the use of land from the property; and the action includes all possible planning to minimize harm to the property resulting from such use (23 CFR 771.135). An element of the proposed project, construction of a new elevator at the inbound Copley Station, will use land from the Boston Public Library, a National Historic Landmark (NHL). The FTA submitted to the Department of Interior (DOI) a Section 4(f) evaluation that was prepared by the MBTA that analyzed alternatives to the proposed action to ensure that all possible planning had been undertaken to minimize harm to the historic resources.

Page 3

An alternative not presented in the 4(f) evaluation was to locate the elevator 150 feet away from the station entrance in front of the recent library addition and thereby avoid NHL property. FTA did not consider this alternative to be prudent and feasible since it would not coincide with the circulation path of the general public (ADA – 49 CFR Part 37, Appendix A sections 10.3.1 and 10.3.2). Although not identified in the 4(f) evaluation, this alternative is presented in the EA as an option considered and dismissed during the NEPA process. Beyond considerations of the ADA, the EA presented two design options for this alternative. The first option would involve significant engineering issues such as the need to construct a new tunnel for fare collection purposes that would conflict with a 30' sewer line. In lieu of the tunnel, the second design option involves the construction of a caged gate system which would isolate the passenger and create operational impediments. Neither of these two designs for this alternative (tunnel or caged gate system) is appropriate nor feasible.

Moreover, FTA determined there would be no Section 4(f) use of the Old South Church, a National Historic Landmark because compliance with Section 106 for proximity impacts resulted in a finding of "no adverse effect." 23 CFR 771.135(p)(5).

By letter dated May 10, 2004, DOI concurred with FTA's 4(f) determination that there is no prudent and feasible alternative to the proposed action.

Finally, it is FTA's position that Section 4(f) requirements do not apply to the rehabilitation of the historic inbound headhouse because the SHPO concurred in FTA's determination that the project will not adversely affect the historic qualities of that transportation facility. 23 CFR 771.135(f).


Approved: _____     Date: _____ 30, 2004
          Richard H. Doyle
          Regional Administrator
          FTA, Region I


Concur: _____ Date: _____ 30, 2004
        Margaret E. Foley
        Regional Counsel