UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION OF THE BACK BAY, INC., et al.<br>    Plaintiffs<br><br>FEDERAL TRANSIT ADMINISTRATION and MASSACHUSETTS BAY TRANSPORTATION AUTHORITY<br>    Defendants | CIVIL ACTION<br>NO. 05cv11211-JLT |

**ANSWER OF DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Defendant Massachusetts Bay Transportation Authority ("MBTA") hereby answers the numbered paragraphs of the First Amended Complaint for Declaratory Relief ("Complaint") of plaintiffs Neighborhood Association of the Back Bay, Inc. ("NABB") and Boston Preservation Alliance, Inc. ("BPA") as follows:

1. The MBTA admits the allegations of paragraph 1 of the Complaint.

2. The MBTA admits the allegations of paragraph 2 of the Complaint.

3. The MBTA admits the allegations of paragraph 3 of the Complaint.

4. The MBTA admits the allegations of paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, the MBTA states that 337 Newbury Street, Boston, Massachusetts is located in the Back Bay Historic District and admits the remaining allegations of the paragraph.

6. The MBTA is without sufficient information to permit it to admit or deny the allegations of paragraph 6 of the Complaint.

7. The MBTA is without sufficient information to permit it to admit or deny the allegations of paragraph 7 of the Complaint.

8. Paragraph 8 contains a conclusion of law to which no response is required. To the extent a response is required, MBTA denies the allegations of the paragraph.

9. The MBTA is without sufficient information to permit it to admit or deny the allegations of the first sentence of paragraph 9 of the Complaint. The MBTA denies the allegations of the second sentence of paragraph 9 of the Complaint.

10. The MBTA admits the allegations of paragraph 10 of the Complaint.

11. The MBTA admits the allegations of paragraph 11 of the Complaint.

12. The MBTA denies the allegations of paragraph 12 of the Complaint.

13. The MBTA admits the allegations of paragraph 13 of the Complaint.

14. Answering paragraph 14, the MBTA says that certain views of Old South Church and the Boston Public Library will be partially obstructed by the completed Copley Station accessibility project.

15. Answering paragraph 15, the MBTA admits that the proposed handicap accessible entrances to Copley Station are in the Back Bay Historic District and denies the remainder of the paragraph.

16. The MBTA admits the allegations of paragraph 16 of the Complaint.

17. The MBTA denies the allegations of paragraph 17 of the Complaint.

18. The MBTA admits that one of the elements of the accessibility improvements to Copley Station will be located on the stone plaza at the front of the Boston Public Library and denies the remainder of paragraph 18 of the Complaint.

19. The MBTA denies the allegations of paragraph 19 of the Complaint.

20. The MBTA admits the allegations of paragraph 20 of the Complaint.

21. The MBTA admits the allegations of paragraph 21 of the Complaint.

22. Answering paragraph 22 of the Complaint, the MBTA says that Old South Church is within the Back Bay Historic District.

23. Paragraph 23 contains a conclusion of law to which no response is required.

24. The MBTA admits the allegations of paragraph 24 of the Complaint.

25. The MBTA admits the allegations of paragraph 25 of the Complaint.

26. The MBTA admits the allegations of paragraph 26 of the Complaint.

27. Answering paragraph 27, the MBTA says that the document described there speaks for itself.

28. Answering paragraph 28, the MBTA says that the document described there speaks for itself.

29. The MBTA denies the allegations of paragraph 29 of the Complaint.

30. The MBTA denies the allegations of paragraph 30 of the Complaint.

31. The MBTA denies the allegations of paragraph 31 of the Complaint.

32. The MBTA denies the allegations of paragraph 32 of the Complaint.

33. The MBTA denies the allegations of paragraph 33 of the Complaint.

34. The MBTA denies the allegations of paragraph 34 of the Complaint.

35. The MBTA denies the allegations of paragraph 35 of the Complaint.

36. The MBTA denies the allegations of paragraph 36 of the Complaint.

37. The MBTA repeats and incorporates its responses to paragraphs 1 through 36 as if set forth fully herein.

38. Paragraph 38 contains a conclusion of law to which no response is required.

39. The MBTA admits the allegations of paragraph 39 of the Complaint.

40. The MBTA denies the allegations of paragraph 40 of the Complaint.

41. Answering paragraph 41, the MBTA says that the June 23, 2004 letter speaks for itself and denies the remaining allegations of the paragraph.

42. The MBTA denies the allegations of paragraph 42 of the Complaint.

43. The MBTA denies the allegations of paragraph 43 of the Complaint.

44. The MBTA denies the allegations of paragraph 44 of the Complaint.

45. The MBTA denies the allegations of paragraph 45 of the Complaint.

46. The MBTA repeats its responses to paragraphs 1 through 45 and incorporates them here.

47. Paragraph 47 contains a conclusion of law to which no response is required.

48. The MBTA denies the allegations of paragraph 48 of the Complaint.

49. The MBTA denies the allegations of paragraph 49 of the Complaint.

50. The MBTA denies the allegations of paragraph 50 of the Complaint.

51. Paragraph 51 contains a conclusion of law to which no response is required. To the extent that a response is require, the MBTA denies the allegations of the paragraph.

52. The MBTA repeats its responses to paragraphs 1 through 51 and incorporates them here.

53. Paragraph 53 contains a conclusion of law to which no response is required.

54. The MBTA admits that the Copley Station accessibility improvements occupy a part of the site of the Boston Public Library and partially obstruct certain views of Old South Church, the Boston Public Library and the exiting inbound Copley Station headhouse, and it denies the remaining allegations of paragraph 54.

55. The MBTA denies the allegations of paragraph 55 of the Complaint.

56. The MBTA denies the allegations of paragraph 56 of the Complaint.

57. The MBTA denies the allegations of paragraph 57 of the Complaint.

58. The MBTA denies the allegations of paragraph 58 of the Complaint.

59. The MBTA denies the allegations of paragraph 59 of the Complaint.

60. The MBTA repeats its responses to paragraphs 1 through 59 and incorporates them here.

61. Paragraph 61 contains a conclusion of law to which no response is required.

62. Answering Paragraph 62, the MBTA says that it was aware that NABB, as well as other groups and individuals, were interested in commenting on the design of the Copley Station accessibility improvements and that it provided such groups and individuals an opportunity to do so, and it denies the remaining allegations of the paragraph.

63. The MBTA denies the allegations of paragraph 63 of the Complaint.

64. The MBTA denies the allegations of paragraph 64 of the Complaint.

65. The MBTA denies the allegations of paragraph 65 of the Complaint.

66. The MBTA denies the allegations of paragraph 66 of the Complaint.

**AFFIRMATIVE DEFENSE**

Plaintiffs' entitlement to equitable relief is barred by the doctrine of laches.

        Respectfully submitted,
**Massachusetts Bay Transportation Authority**
By its attorneys,


 /s/ Stephen M. Leonard
Stephen M. Leonard (BBO #294080)
Jennifer M. Ryan (BBO # 661498)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
Dated: July 26, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

| | |
|---|---|
| John R. Devereaux<br>Neighborhood Association of the Back Bay, Inc<br>337 Newbury Street<br>Boston, MA 02115 | Barbara Healy Smith<br>United States Attorney's Office<br>John Joseph Moakley Federal Courthouse<br>1 Courthouse Way<br>Suite 9200<br>Boston, MA 02210 |
| Laurence E. Hardoon<br>Brody, Hardoon, Perkins & Kesten<br>One Exeter Plaza<br>Boston, MA 02116 | |

                                                                       /s/ Stephen M. Leonard
Dated:  July 26, 2005                                                    Stephen M. Leonard

# 1375530 v1 - RYANJM - 020445/0007