IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEIGHBORHOOD ASSOCIATION<br>OF THE BACK BAY, INC. and<br>THE BOSTON PRESERVATION<br>ALLIANCE, INC., <br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>FEDERAL TRANSIT<br>ADMINISTRATION and<br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY ,<br><br>　　　　Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO.: 05-11211-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER**

Defendant Federal Transit Administration ("Defendant FTA"), by and through its attorney, Michael J. Sullivan, United States Attorney, answers the numbered paragraphs of the First Amended Complaint of Plaintiffs' Neighborhood Association of the Back Bay, Inc., and the Boston Preservation Alliance, Inc. ("Plaintiffs') as follows:

　　1.　　Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

　　2.　　Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

　　3.　　Defendant FTA admits the allegations set forth in Paragraph 3 of Plaintiffs' First Amended Complaint, except that the United States Federal Transit Administration is an agency within the Department of Transportation.

　　4.　　Paragraph 4 of Plaintiffs' First Amended Complaint sets forth allegations

pertaining to a defendant other than FTA and therefore requires no response from FTA.

5. Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and third sentences of Paragraph 5 of Plaintiffs' First Amended Complaint and therefore such allegations are denied. Defendant FTA admits the allegations set forth in the second sentence of Paragraph 5 of Plaintiffs' First Amended Complaint. Defendant FTA admits the allegations set forth in the fourth sentence of Paragraph 5 of Plaintiffs' First Amended Complaint to the extent that the inbound kiosk of the Copley Station is a significant historical structure.

6. Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first, third, and forth sentences of Paragraph 6 of Plaintiffs' First Amended Complaint and therefore such allegations are denied. The second sentence of Paragraph 6 of Plaintiffs' First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent the second sentence of Paragraph 6 of Plaintiffs' First Amended Complaint is deemed to set forth factual allegations to which a response is required, Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

7. Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of Plaintiffs' First Amended Complaint and therefore such allegations are denied.

8. Paragraph 8 of Plaintiffs' First Amended Complaint sets forth a statement of jurisdiction and as such is a legal conclusion to which no response is required.

9. Defendant FTA lacks information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations set forth in the first sentence of Paragraph 9 of Plaintiffs' First Amended Complaint and therefore such allegations are denied. The second sentence of Paragraph 9 of Plaintiffs' First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent the second sentence of Paragraph 9 of Plaintiffs' First Amended Complaint is deemed to set forth factual allegations to which a response is required, such allegations are denied, except that Defendant FTA admits the proposed entrances to Copley Station are in the Back Bay Historic District.

10.     Defendant FTA admits the allegations set forth in Paragraph 10 of Plaintiffs' First Amended Complaint.

11.     Defendant FTA admits the allegations set forth in Paragraph 11 of Plaintiffs' First Amended Complaint.

12.     Defendant denies the allegations set forth in Paragraph 12 of Plaintiffs' First Amended Complaint.

13.     Defendant FTA admits the allegations set forth in Paragraph 13 of Plaintiffs' First Amended Complaint.

14.     In answering Paragraph 14 of Plaintiffs' First Amended Complaint, Defendant FTA admits that some of the four proposed entrances will partially obstruct the views of Old South Church and/or Boston Public Library, but denies that all four entrances will partially obstruct views of both historic landmarks.

15.     Defendant FTA admits the allegations set forth in the first sentence of Paragraph 15 of Plaintiffs' First Amended Complaint. Defendant FTA denies the allegations set forth in the second sentence of Paragraph 15 of Plaintiffs' First Amended Complaint.

16. Defendant FTA admits the allegations set forth in Paragraph 16 of Plaintiffs' First Amended Complaint.

17. Defendant FTA denies the allegations set forth in Paragraph 17 of Plaintiffs' First Amended Complaint.

18. Defendant FTA admits that one of the elements of the MBTA's Light Rail Accessibility Project for Copley Station will be located on the stone plaza at the front of the Boston Public Library. Further answering, Defendant FTA states that there is no prudent and feasible alternative to use of the plaza outside the library, adjacent to the public sidewalk. Defendant FTA denies the remainder of Paragraph 18 of Plaintiffs' First Amended Complaint.

19. Defendant FTA admits that the headhouse for the existing inbound entrance to Copley Station will be removed from the site, restored to its historic condition, and then returned to its original location. Defendant FTA denies the remaining allegations set forth in Paragraph 19 of Plaintiffs' First Amended Complaint.

20. Defendant FTA admits the allegations set forth in Paragraph 20 of Plaintiffs' First Amended Complaint.

21. Defendant FTA admits the allegations set forth in Paragraph 21 of Plaintiffs' First Amended Complaint, except that Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that the Boston Landmarks Commission is a Commission within the City of Boston Environmental Department.

22. Defendant FTA admits Old South Church is located in the Back Bay Historic District and refers the Court to the text of the statute cited for a true and complete statement of the contents thereof. To the extent that Plaintiffs paraphrase, or characterize the meaning of, the

statute, no response is required.

23. In response to the allegations set forth in Paragraph 23, Defendant FTA refers the Court to the text of the statute cited for a true and complete statement of the contents thereof. To the extent that Plaintiffs paraphrase, or characterize the meaning of, the statute, no response is required. Further answering, Defendant FTA states that the phrase "particularly protected" is subjective and vague, and not defined in the First Amended Complaint, and on that basis Defendant FTA denies the allegations in Paragraph 23 to the extent Paragraph 23 is deemed to set forth factual allegations to which a response is required.

24. Defendant FTA admits the allegations set forth in Paragraph 24 of Plaintiffs' First Amended Complaint.

25. Defendant FTA admits the allegations set forth in Paragraph 25 of Plaintiffs' First Amended Complaint.

26. Defendant FTA admits the allegations set forth in Paragraph 26 of Plaintiffs' First Amended Complaint.

27. Defendant FTA admits that on December 30, 2004, the FTA Administrator issued a "Finding of No Significant Impact" (FONSI) for the MBTA's Light Rail Accessibility Project for Copley Station. Defendant FTA denies that the FONSI was completed "under" § 106 and § 4(f), but admits that the FONSI was issued following completion of the process and analysis required by those statutes, and incorporated by reference previous determinations made thereunder. Further answering, Defendant FTA refers the Court to the text of the FONSI for a true and complete statement of the contents thereof. To the extent that Plaintiffs paraphrase, or characterize the meaning of, the FONSI, no response is required, but Defendant FTA

specifically denies the implication that the FONSI was required to "mention" § 110 of the National Historic Preservation Act, or that Defendant FTA was required to consult with the Advisory Council on Historic Preservation.

28. Defendant FTA admits the allegations set forth in Paragraph 28 of Plaintiffs' First Amended Complaint, but refers the Court to the text of the FONSI for a true and complete statement of the contents thereof. To the extent that Plaintiffs paraphrase, or characterize the meaning of, the FONSI, no response is required.

29. Defendant FTA denies the allegations set forth in Paragraph 29 of Plaintiffs' First Amended Complaint.

30. Defendant FTA denies the allegations set forth in Paragraph 30 of Plaintiffs' First Amended Complaint, and refers the Court to the text of the FONSI for a true and complete statement of the contents thereof.

31. Defendant FTA denies the allegations set forth in Paragraph 31 of Plaintiffs' First Amended Complaint.

32. Defendant FTA denies the allegations set forth in Paragraph 32(a), (b), (c), (d), (e), and (g) of Plaintiffs' First Amended Complaint. Since the allegations in Paragraph 32(f), (h) and (i) are directed to another defendant, no response to those allegations is required from Defendant FTA, except that Defendant FTA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 32(h) and therefore such allegations are denied.

33. Defendant FTA denies the allegations set forth in Paragraph 33 of Plaintiffs' First Amended Complaint.

34.     Defendant FTA denies the allegations set forth in Paragraph 34 of Plaintiffs' First Amended Complaint.

35.     Defendant FTA denies the allegations set forth in the first sentence of Paragraph 35 of Plaintiffs' First Amended Complaint.  The second and third sentences of Paragraph 35 are directed to another defendant and therefore require nor response from defendant FTA.  To the extent that the allegations in the second and third sentences of Paragraph 35 can be construed to set forth factual allegations against defendant FTA, such allegations are denied.

36.     Defendant FTA denies the allegations set forth in Paragraph 36 of Plaintiffs' First Amended Complaint.

37.     Defendant FTA's responses to Paragraphs 1-36 are incorporated herein by reference.

38.     Defendant FTA admits the allegations set forth in Paragraph 38 of Plaintiffs' First Amended Complaint, but refers the Court to the text of the statute cited for a true and complete statement of the contents thereof.

39.     Defendant FTA admits that the MBTA's Light Rail Accessibility Project for Copley Station is a federally-funded undertaking.

40.     Defendant FTA denies the allegations set forth in Paragraph 40 of Plaintiffs' First Amended Complaint.

41.      Defendant FTA denies the allegations set forth in Paragraph 41 of Plaintiffs' First Amended Complaint, except that Defendant FTA admits that the FTA Regional Administrator wrote a letter dated January (not June) 23, 2004, and refers the Court to the text of the letter cited for a true and complete statement of the contents thereof.

42. Defendant FTA denies the allegations set forth in Paragraph 42 of Plaintiffs' First Amended Complaint.

43. Defendant FTA denies the allegations set forth in Paragraph 43 of Plaintiffs' First Amended Complaint.

44. Defendant FTA denies the allegations set forth in Paragraph 44 of Plaintiffs' First Amended Complaint.

45. Defendant FTA denies the allegations set forth in Paragraph 45 of Plaintiffs' First Amended Complaint.

## COUNT II

46. Defendant FTA's responses to Paragraphs 1-45 are incorporated herein by reference.

47. Defendant FTA admits the allegations set forth in Paragraph 47 of Plaintiffs' First Amended Complaint, but refers the Court to the text of the statute cited for a true and complete statement of the contents thereof.

48. Defendant FTA denies the allegations set forth in Paragraph 48 of Plaintiffs' First Amended Complaint.

49. Defendant FTA denies the allegations set forth in Paragraph 49 of Plaintiffs' First Amended Complaint.

50. Defendant FTA denies the allegations set forth in Paragraph 50 of Plaintiffs' First Amended Complaint.

51. Defendant FTA denies the allegations set forth in Paragraph 51 of Plaintiffs' First Amended Complaint.

## COUNT III

52. Defendant FTA's responses to Paragraphs 1-51 are incorporated herein by reference.

53. Defendant FTA admits the allegations set forth in Paragraph 53 of Plaintiffs' First Amended Complaint, but refers the Court to the text of the statute cited for a true and complete statement of the contents thereof.

54. Defendant FTA admits the allegations set forth in Paragraph 54(a) of Plaintiffs' First Amended Complaint. Defendant FTA denies the allegations set forth in Paragraph 54(b), (c), (d), (e), (f), (g), (h), and (i) of Plaintiffs' First Amended Complaint. In response to Paragraph 54(h), Defendant FTA admits that the MBTA's Light Rail Accessibility Project for the Copley Station will alter some streetscape.

55. Defendant FTA denies the allegations set forth in Paragraph 55 of Plaintiffs' First Amended Complaint.

56. Defendant FTA denies the allegations set forth in Paragraph 56 of Plaintiffs' First Amended Complaint.

57. Defendant FTA denies the allegations set forth in Paragraph 57 of Plaintiffs' First Amended Complaint.

58. Defendant FTA denies the allegations set forth in Paragraph 58 of Plaintiffs' First Amended Complaint.

59. Defendant FTA denies the allegations set forth in Paragraph 59 of Plaintiffs' First Amended Complaint.

COUNT IV

60-63.  The allegations of Paragraphs 60-63 of Plaintiffs' First Amended Complaint are directed to another defendant and therefore require no response from defendant FTA.  To the extent that the allegations of Paragraphs 60-63 can be construed to set forth factual allegations against Defendant FTA, such allegations are denied.

64. Defendant FTA denies the allegations set forth in Paragraph 64 of Plaintiffs' First Amended Complaint.

65. Defendant FTA denies the allegations set forth in Paragraph 65 of Plaintiffs' First Amended Complaint.

66. Defendant FTA denies the allegations set forth in Paragraph 66 of Plaintiffs' First Amended Complaint.

**AFFIRMATIVE DEFENSES**

**SECOND DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiffs have failed to exhaust all administrative remedies.

**FOURTH DEFENSE**

Defendant FTA's FONSI was not arbitrary, capricious, an abuse of discretion or otherwise contrary to law.

**FIFTH DEFENSE**

Defendant FTA's finding that there would be "no adverse effect" from the MBTA's Light Rail Accessibility Project for Copley Station was not arbitrary, capricious, an abuse of discretion or otherwise contrary to law.

**SIXTH DEFENSE**

Plaintiffs are not entitled to equitable relief because they have not suffered and will not suffer any irreparable harm.

**SEVENTH DEFENSE**

Plaintiffs' entitlement to equitable relief is barred by the doctrine of laches.

WHEREFORE, Defendant FTA, having fully answered the allegations in the First Amended Complaint, respectfully request that this Court enter judgment in favor of Defendant FTA, dismissing the First Amended Complaint, awarding Defendant FTA costs for defense of this action, and awarding such other relief as this court considers just and proper.

> Respectfully submitted,
> FEDERAL TRANSIT ADMINISTRATION
>
> By its attorney,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> /s/ Barbara Healy Smith
> By:  Barbara Healy Smith
> Assistant U.S. Attorney
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA 02210
> (617) 748-3263

Dated:  12 August 2005

**CERTIFICATE OF SERVICE**

This is to certify that I have this 12th day of August, 2005, served upon any counsel of record not registered for electronic filing a copy of the foregoing document by depositing in the U.S. mail a copy of same in an envelope bearing sufficient postage for delivery:

> /s/ Barbara Healy Smith
> Barbara Healy Smith
> Assistant United States Attorney