UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-11211JLT

NEIGHBORHOOD ASSOCIATION OF THE
BACK BAY, INC., and THE BOSTON
PRESERVATION ALLIANCE, INC.

    Plaintiffs,

    v.

FEDERAL TRANSIT ADMINISTRATION
and MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,

    Defendants

## PROPOSED ORDER

The defendants' Federal Transportation Authority ("FTA") and the

Massachusetts Bay Transit Authority ("MBTA") determinations of "no adverse effect"

under section 106 of the National Historic Preservation Act ("NHPA)[1], and of "no

prudent and reasonable alternative" under section 4(f)[2] regarding the proposed Copley

Station project are hereby set aside and the matter remanded to the FTA for it to

conduct complete and appropriate analyses and consultations under NHPA and § 4(f),

which is to include:

    1.   consultation with the Advisory Council on Historic Preservation ("ACHP"),

pursuant to Sections 106 and 110[3] of NHPA and its regulations (36 CFR § 800 et al.),

---

[1]      Codified at 16 U.S.C. § 470f.
[2]      Codified at 49 U.S.C. 303.
[3]      Codified at 16 U.S.C. § 470h-2(f).

regarding the assessment and resolution of any adverse effects of the project on historic resources, including National Historic Landmarks[4], particularly with respect to:

a. 36 CFR § 800.5 which identifies adverse effects as, among other things, "[a]lteration of a property, including … provision of handicapped access, " § 800.5(a)(2)(ii), and "[p]hysical destruction of or damage to all or part of the property," § 800.5(2)(i), and "[i]ntroduction of visual, atmospheric or audible elements that diminish the integrity of the property's significant historic features" § 800.5(a)(2)(v)[5] and

b. the ACHP's request dated August 26,2005 that the FTA "clarify the basis upon which it has made its assessment of effects on each historic property" within the project area and its suggestion that the proper course of action would be to consult towards a Memorandum of Agreement under 36 CFR § 800.6.  See Exhibit 1 to MBTA Opposition to Motion for Preliminary and Final Injunction; and

2.    consultation with the Department of Interior (DOI) under § 4(f), particularly in light of the FTA's acknowledgment that it failed to present to the DOI in its original evaluation an available alternative which would completely avoid use of Historic Landmark Library  property, which option the DOI should have been permitted to consider prior to any approval of the use of the land under § 4(f).[6]

---

[4]    The project impacts the Boston Public Library and the Old South Church, two of a mere approximately twenty-three hundred designated National Historic Landmarks in the entire country.

[5]    See Affidavit of Richard Guy Wilson, Exhibit 3 to Plaintiff's Motion for Preliminary and Final Injunction.

[6]    Alternatives that avoid use of historic properties should not be rejected unless they present unique problems or unusual factors or the cost, social, economic, and environmental impacts, or community disruption resulting from such alternatives reach extraordinary magnitudes.  23 CFR 771.135a (2).

2

The defendants furthermore are enjoined from proceeding with the Copley Station Project at this juncture and, particularly, the defendant Federal Transit Authority (FTA) is restrained from disbursing, and the defendant Massachusetts Bay Transportation Authority (MBTA) is restrained from accepting or using federal funds for use in the Copley Station Project until such time as the Advisory Council and the Department of the Interior have been appropriately consulted pursuant to the applicable statutes and regulations as directed herein.

By:

_____

Tauro, J.

Dated: