IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NEIGHBORHOOD ASSOCIATION    )
OF THE BACK BAY, INC. and    )
THE BOSTON PRESERVATION    )
ALLIANCE, INC.    )
     )
          Plaintiff(s),    )    CASE NO.: 05-11211-JLT
     )
    v.    )
     )
FEDERAL TRANSIT    )
ADMINISTRATION and    )
MASSACHUSETTS BAY    )
TRANSPORTATION AUTHORITY    )
     )
          Defendant(s).    )

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED ORDER**

Defendants Federal Transit Administration ("FTA") and Massachusetts Bay Transportation Authority ("MBTA") oppose entry of the Proposed Order filed by plaintiffs on October 24, 2005, or of any order remanding this case to FTA, on grounds that "complete and appropriate analyses and consultations under NHPA and Section 4(f)" have already been conducted, and the FTA's decision was not arbitrary, capricious or contrary to law.

Moreover, the Proposed Order misstates the law, regulations and record.

First, as a procedural matter, the FTA , not the MBTA,  made the determinations pursuant to Section 106 and Section 4(f).  The statutes do not provide that the applicant for federal funding make such determinations, and the MBTA did not do so here.

Second, under regulations promulgated by the Advisory Council on Historic Preservation ("Advisory Council"), consultation with the Advisory Council is required when the federal agency finds that there is an adverse effect.  See 36 CFR § 800.6, 800.10.  No such finding was

made here, and so consultation is not required.  Paragraph numbered 1 of the Proposed Order is

therefore inapt.

In Paragraph 1(a), plaintiffs again omit the key last phrase of the cited regulation.  36

CFR §800.5(a)(2)(ii) gives as an example of an adverse effect the "[a]lteration of a property,

including ... provision of handicapped access, *that is not consistent with the Secretary's*

*standards for the treatment of historic properties . . .*"  Through repeated omission of the final

phrase, plaintiffs suggest that any project to provide access for the disabled is an adverse effect.

That is flatly wrong.

Paragraph 1(b) of the Proposed Order refers to correspondence outside the record that has

been addressed by responsive correspondence from the FTA to the Advisory Council.  Paragraph

1(b) is therefore also inapt.

Finally, further consultation with the Department of the Interior under Section 4(f) is not

required, since DOI itself stated that the 4(f) and § 110 requirements have been satisfied.

Respectfully submitted,

Massachusetts Bay Transportation Authority

By its attorneys,


 /s/ Stephen M. Leonard (By BHS w/ permission)
Stephen M. Leonard  (BBO #294080)
Erika M . Holmes (BBO # 657243)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
(617) 56-8200

Federal Transit Administration

By its Attorney,

MICHAEL J. SULLIVAN
United States Attorney


 /s/ Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100



Dated:   31 October 2005